# Dougherty Distillery Warehouse Co., Inc., *v.* Binenstock (et al., Appellant).

*Principal and agent — Proof of agency — Evidence—Burden of proof.*

1. The burden of proof of showing that a particular act was done by one person as the agent of another is upon the party who so alleges.

*Principal and agent—Duty of agent—Instructions to agent—Authority to sell personal property—Option.*

2. An agent is bound to obey the instructions of his principal to the letter; they cannot be enlarged or extended in any particular without the consent of the principal.

3. An oral authorization to sell personal property does not include an authority to give an option to a possible future purchaser, to be exercised or not as the optionee chooses.

*Appeals—Equity—Findings of fact.*

4. The findings of fact by a chancellor will not be reversed on appeal where based on sufficient competent evidence.

Argued May 16, 1928.    Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 187, Jan. T., 1928, by Isaac L. Lipschutz, defendant, from decree of C. P. No. 1, Phila. Co., Sept.

T., 1926, No. 11209, for plaintiff on bill in equity, in case of Dougherty Distillery Warehouse Co., Inc., v. Joseph Binenstock and Isaac L. Lipschutz. Reversed in part.

Bill for specific performance. Before McDevitt and Taulane, JJ.

The opinion of the Supreme Court states the facts.

Decree for plaintiff by divided court. Defendant Isaac L. Lipschutz appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Owen J. Roberts,* with him *Samuel W. Salus,* for appellant.

*William A. Glasgow, Jr.,* with him *Henry A. Hoefler* and *Chester N. Farr, Jr.,* for appellee.

Opinion by Mr. Justice Simpson, June 30, 1928:

The relevant provisions of the bill in equity in this case may be epitomized as follows: Plaintiffs are engaged in the business of conducting a duly authorized United States Concentration Warehouse; on June 10, 1925, Isaac L. Lipschutz, one of the defendants, was the owner of 1209 barrels of whiskey, and still holds certificates therefor issued by an Internal Revenue Bonded Warehouse; on the same date the other defendant, Joseph Binenstock, was the owner of 1389 barrels of whiskey, for some of which he still holds like certificates; on that date Lipschutz orally authorized Binenstock to sell and he thereafter did sell Lipschutz's certificates to plaintiffs, together with his, Binenstock's, own, upon the terms and conditions of a written agreement hereinafter abstracted; plaintiffs need the whiskey in their business, but defendants refuse to deliver the certificates without which plaintiffs cannot legally use any of the liquor, though the entire 2598 barrels containing

it are in plaintiffs' warehouse; and plaintiffs are unable to purchase elsewhere any whiskey of the character and quality of that covered by the certificates. They prayed that each defendant be enjoined from assigning, transferring, selling or pledging his certificates, and that both be decreed to carry out the terms of the written agreement. The answer of Lipschutz denied that, either on June 10, 1925, or at any other time, he gave Binenstock authority to execute the written agreement. The decree of the court below required both defendants to specifically perform the contract, and enjoined them from otherwise disposing of their certificates. Lipschutz alone appeals.

The written agreement provides that "Binenstock agrees to sell and transfer to [plaintiffs, and they] agree to purchase from Binenstock certain whiskey certificates, personally held and owned by the said Binenstock, and calling for 2598 barrels of whiskey now stored [with plaintiffs]......for $100 per barrel......to be paid for in cash by [plaintiffs] to the said Binenstock as and when the whiskies, called for by the said certificates, are used......[by plaintiffs, which shall be] from time to time, when and as required in [their] business...... [and] at the end of four years from the date [of the agreement] all certificates not paid for by [plaintiffs] shall belong to and become the property of the said Binenstock free and clear of this agreement and shall be transferred and assigned to the said Binenstock" by plaintiffs. The agreement is executed by Binenstock alone. It nowhere refers to him as agent for Lipschutz, or to the latter's certificates for his 1209 barrels of whiskey, but it is conceded they are needed to make up the total number of 2598 barrels specified in the agreement.

Of course plaintiffs had the burden of proof of showing Binenstock's authority to act for Lipschutz. Upon this point they produced two witnesses who testified that, at the interview of June 10, 1925, which was one

month before the written agreement was executed, when those present were talking about the barrels of whiskey owned by defendants, Binenstock said to Lipschutz: "Well what are you going to do about it? I got $100 for mine. What about it? And I think it is a good price," to which "Mr. Lipschutz, with a slight shrug of the shoulders, said 'All right Joe [meaning Binenstock] you sell them; I am satisfied,'" and at some time during the interview, "Binenstock [also] said that the terms of sale to [plaintiffs] was $100 a barrel to be paid for when and as used." This is the only authorization by Lipschutz which is specified in the evidence.

Lipschutz testified that no such conversation ever took place, but the trial judge believed that it did, and we must accept his finding on the point: Piacentino v. Young, 272 Pa. 556. If we ignore the fact that the written agreement does not purport to be executed by Binenstock as agent for Lipschutz, but, on the contrary, in terms relates only to "whiskey certificates personally held and owned" by Binenstock, still the oral authorization falls far short of showing that Lipschutz gave Binenstock authority to execute such an agreement as the written one. By that conversation, Lipschutz authorized Binenstock to sell his, Lipschutz's, whiskey to plaintiffs, to be "paid for when and as used," but did not give plaintiffs on option to purchase and use as much or as little as they pleased, within the term of four years. Under the written agreement, plaintiffs need never purchase a barrel of Lipschutz's whiskey; under the oral authorization plaintiffs were to be the purchasers of all of it, and had to use and pay therefore within a reasonable time. Under the written agreement, plaintiffs were to pay Binenstock for Lipschutz's whiskey, if and when used, and the certificates for the unsold part thereof were "to become the property of the said Binenstock" at the expiration of four years, and be then "transferred and assigned" to him. The oral authorization did not cover either of these points. The

written agreement, being thus widely variant from the authority given by Lipschutz, of course is not binding on him, and hence the decree, to the extent stated, was clearly erroneous. "The agent must adhere strictly to his instructions; he is bound to obey the instructions of his principal to the letter, and they cannot be enlarged or extended in any particular without the consent of the principal": Union Trust Co. v. Means, 201 Pa. 374, 377; Gorsuch v. Berman, 270 Pa. 8, 11.

The decree of the court below is reversed, so far as concerns the defendant Isaac L. Lipschutz, and as to him plaintiffs' bill in equity is dismissed at their costs.