514 A.2d 284

Jesse Pugh, a/k/a Frank James, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 18, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Jesse Pugh,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, August 27, 1986:

Respondent, Pennsylvania Board of Probation and Parole (Board), files preliminary objections to petitioner, Jesse Pugh's, petition for a writ of mandamus to compel the Board to grant him a full Board hearing on the issue of his parole detainer. Respondent alleges that

this court lacks jurisdiction over this matter and that petitioner has failed to state a cause of action upon which relief can be granted. We overrule these objections.

In 1983, petitioner was paroled by the Connecticut Department of Correction, Division of Parole (Connecticut). His parole supervision was then transferred to the Board pursuant to section 1 of the Uniform Act for Out-of-State Supervision (Act), Act of June 25, 1937, P.L. 2086, *as amended,* 61 P.S. §321. On November 11, 1984, petitioner was arrested and charged with possession and possession with the intent to deliver a controlled substance. Petitioner was then released after posting a $10,000 bond. On December 27, 1984, petitioner was again arrested and charged with possession of a controlled substance. Petitioner was then released after posting a $2,000 bond. Then on January 2, 1985, petitioner was arrested by a Pennsylvania parole officer, pursuant to a detainer lodged by Connecticut against petitioner for violation of his parole. The Board, acting as an agent for Connecticut, conducted a preliminary hearing on January 16, 1985, which resulted in the determination that it would be up to Connecticut to remove the detainer and therefore the Board had no authority to release petitioner from custody. Petitioner was never granted a final revocation hearing.

On August 6, 1985, petitioner filed a petition to vacate the parole detainer, alleging that he was being unlawfully held since he was not granted a full Board hearing within 120 days of the preliminary hearing. *See* 37 Pa. Code §71.2(11). This court, in a *per curiam* order dated August 28, 1985, held that petitioner's request for review be treated as a petition for a writ of mandamus addressed to this court's original jurisdiction. The order also directed respondent to file a response within thirty days. The respondent then filed preliminary objections.

At the outset, we reject the Board's contention that we do not have jurisdiction over this case. In *Davis v. Pennsylvania Board of Probation and Parole,* 484 Pa. 157, 398 A.2d 992 (1979), a case where a prisoner sought a mandamus against the Board, our Supreme Court stated that "[j]urisdiction over complaints against State agencies or officers administrating the parole system which are not direct or collateral attacks on the conviction or sentence was vested exclusively in the Commonwealth Court by the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, §401, 17 P.S. §211.401 (Supp. 1978)." *Id.* at 160, 398 A.2d 993-94.

We must now determine if the Board has an affirmative duty to provide the petitioner with a full Board hearing under the Act, and if such a duty does exist, can we order the Board, through mandamus, to perform that duty.

While the Act makes no specific mention of whether the receiving state is under an affirmative duty to provide a parolee with a full Board hearing under these circumstances, we do not think that a receiving state, once having assumed the role of agent of the sending state, can absolve itself from further proceedings by simply saying that the parolee's remedy is against the sending state. Section 323(e) of the Act, 61 P.S. §323(e), provides that if the parolee is entitled to a hearing or hearings pursuant to the laws of the *sending state,* such hearings may be held before the appropriate judicial or administrative officers of the receiving state; and these officers shall act as *agents* of the sending state in such matters.

As a general rule an agent must strictly carry out the instructions of his principal. Restatement (Second) Agency §385 (1958); *Dougherty Distillery Warehouse Co., Inc. v. Binenstock,* 293 Pa. 566, 143 A. 195 (1928).

While we agree that the Board may not act on its own and release petitioner without the consent of Connecticut, under section 323(e) of the Act, 61 P.S. §323(e), the Board, as the agent of the sending state, may conduct a revocation hearing after consulting with Connecticut, if such a hearing is mandated by Connecticut law. The Board, by holding itself out as an agent of Connecticut, then steps into the shoes of Connecticut and therefore has a duty to provide petitioner with whatever procedural rights are owed to him by the principal, in this case Connecticut.

Finally, we must now decide if mandamus is appropriate under the facts of this case. A mandamus is an extraordinary writ of common law, designed to compel performance of a *ministerial act or mandatory duty* where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy. *Philadelphia Newspapers, Inc. v. Jerome,* 478 Pa. 484, 387 A.2d 425 (1978). "A proceeding in mandamus is available to compel the Board of Probation and Parole to conduct a hearing or correct a mistake in applying the law." *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 554, 421 A.2d 1021, 1023 (1980), citing *Davis v. Pennsylvania Board of Probation and Parole,* 484 Pa. 157, 398 A.2d 992 (1979); *Moore v. Roth,* 231 Pa. Superior Ct. 464, 331 A.2d 509 (1974).

In *Morrissey v. Brewer,* 408 U.S. 471 (1972), the Supreme Court held that there are two important stages to the parole revocation process, the arrest and preliminary hearing, followed by a revocation hearing. Regarding the revocation hearing, the Court stated:

> There must also be an opportunity for a hearing, if it is so desired by the parolee, prior to the final decision on revocation by the parole authority. This hearing must be the basis for more than

determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. *Id.* at 487-88.

In this case we believe that since the Board already afforded petitioner a preliminary hearing, under *Morrissey,* they have an affirmative duty as the agent of Connecticut to provide petitioner with a full Board hearing.

We therefore overrule the Board's preliminary objections. Since we are unable to rule on petitioner's application for *mandamus* at this time based on the pleadings before us, we direct the Board to file an answer to petitioner's application for *mandamus* within thirty days.

### ORDER

Now, August 27, 1986, the preliminary objections of respondent, Pennsylvania Board of Probation and Parole, are overruled. Respondent is hereby directed to file an answer within thirty (30) days of the date of this order.