535 A.2d 251

Shovel Transfer and Storage, Inc., Petitioner *v.* Hubert Simpson, Comptroller, Pennsylvania Liquor Control Board and Michael H. Hershock, Secretary of the Office of Budget and Administration, Commonwealth of Pennsylvania, Respondents.

Argued October 5, 1987, before Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

*William G. Merchant,* with him, *James P. Sommers, Papernick & Gefsky, P.C.,* for petitioner.

*Timothy D. Searchinger,* Deputy General Counsel, with him, *Andrew H. Cline,* Deputy General Counsel, for respondent.

*Kenneth B. Skelly,* for intervenor, Pennsylvania Liquor Control Board.

Opinion by Judge MacPhail, December 22, 1987:

Shovel Transfer and Storage, Inc. (Shovel) has filed a petition for review[1] in the nature of mandamus and seeking declaratory and injunctive relief. The Respondents[2] have filed preliminary objections which are now before us for disposition.

---

[1] Shovel's pleading was identified as a complaint. By prior order of this Court, we directed that the pleading would be acted upon as a petition for review pursuant to the provisions of Pa. R.A.P. 1502, 1503.

[2] Hubert Simpson, Comptroller, Pennsylvania Liquor Control Board, and Michael H. Hershock, Secretary of the Office of Budget

Shovel's petition for review sets forth that on or about November 10, 1986, Shovel and the LCB executed a written contract which would transfer LCB's Southwestern Distribution Center for District No. 4 from Youngwood, Pennsylvania to Pittsburgh, Pennsylvania. The contract, attached to the petition for review as Exhibit A, has provision on the signature page for the signatures of the Comptroller of the Liquor Control Board and the Secretary for Budget and Administration for the Commonwealth. Neither of those signature lines has a signature thereon. The chairman of the LCB has signed the contract.

Shovel alleges that the LCB refuses to honor the terms of the contract and gives as reason therefor the lack of Respondents' signatures. Shovel has filed an action against the LCB for damages with the Board of Claims.

In its action in this Court, Shovel requests that we direct the Comptroller and the Secretary to affix their signatures to the contract or, in the alternative, that we enjoin them from interfering with the LCB's performance of the contract or, again in the alternative, that we declare that Respondents' signatures are unnecessary to make the contract enforceable.

Respondents preliminarily object to the petition for review contending that this Court lacks jurisdiction, that the suit is barred by the defense of sovereign immunity, that Shovel has an adequate remedy at law and that declaratory relief cannot be granted because any order we enter by way of such relief would not termi-

---

and Administration, Commonwealth of Pennsylvania. The Pennsylvania Liquor Control Board (LCB) requested and was granted relief to intervene as a "nominal respondent." It is LCB's contention that it is a mere stakeholder in these proceedings but nevertheless an indispensable party.

nate the controversy.[3] We shall discuss the objections seriatim.

Respondents argue that the Board of Claims has exclusive jurisdiction in this matter because it is a claim against the Commonwealth arising from a contract. *See* Section 4 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-4. Shovel contends that this is not a claim for damages for breach of contract nor for the enforcement of the contract against LCB; rather, it is a personal action against the Respondents who are mentioned nowhere in the contract except on the signature page. In *Vespaziani v. Department of Revenue,* 40 Pa. Commonwealth Ct. 54, 396 A.2d 489 (1979), we stated that the crucial test of jurisdiction is whether the Court, or in this instance, the tribunal, has the power to enter upon the inquiry. Here, as we have said, the inquiry is whether the Respondents are proper signatories to the contract and if they are, can they be compelled to sign it? We do not believe such an inquiry is within the jurisdiction of the Board; rather, we agree with Shovel that jurisdiction lies with this Court. We, accordingly, will hold that we have jurisdiction.

In the exercise of our jurisdiction we next consider Respondents' defense[4] of sovereign immunity. The defense of sovereign immunity was reaffirmed in 1 Pa. C. S. §2310. In the instant case, however, no relief is

---

[3] Shovel has filed an answer and preliminary objections to Respondents' preliminary objections asserting that those objections were untimely filed. We will overrule Shovel's preliminary objections on the basis of the provisions of Pa. R.A.P. 1516(c) and 1517.

[4] We have noted many times that immunity is an affirmative defense that should be raised in an answer, *see* Pa. R.C.P. No. 1030, but where no objection to the preliminary objection asserting immunity is made, we have proceeded to rule upon its validity. *City of Philadelphia v. Shapp,* 44 Pa. Commonwealth Ct. 303, 403 A.2d 1043 (1979).

sought *against* the Respondents other than to compel them to perform a ministerial duty which, Shovel alleges, they are required to do once LCB has executed the contract. We believe such action falls within the holding of *City of Philadelphia v. Shapp*[5] where we said that a suit in mandamus to require the defendants to perform highway repair obligations imposed by law "is not a situation where waiver of sovereign immunity is an issue." 44 Pa. Commonwealth Ct. at 310, 403 A.2d at 1047.

In the alternative, Shovel pleads that Respondents by their unwarranted refusal to sign the contract are unlawfully interfering with the performance of the contract and that conduct should be enjoined. Again, we are of the opinion that where an action is brought to restrain state officials from using their official offices in such a manner as to prevent the performance of a contract executed by a Commonwealth agency, the bar of sovereign immunity cannot be raised. *See Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 190 A.2d 111 (1963). We hold that on the basis of the only pleadings now before us, *i.e.,* Shovel's petition for review and Respondents' preliminary objections, the preliminary objection asserting the bar of sovereign immunity must be overruled.

Respondents argue that neither relief in equity nor in mandamus can be granted here because Shovel has an adequate remedy at law for damages before the Board of Claims. We are well satisfied that Shovel cannot prevail before the Board of Claims on a contract which purports on its face to require signatures which have not been affixed thereto. The obvious intent of the action now before us is to give Shovel an enforceable

---

[5] *See supra* note 4.

contract upon which it can sue for damages for the breach thereof. The objection will be overruled.

We now come to Respondents' last objection that declaratory judgment will not lie here because any judgment we enter will not terminate the proceedings. Respondents direct us to Section 7537 of the Declaratory Judgments Act (Act), 42 Pa. C. S. §7537, wherein it is said that courts *may* refuse to grant declaratory relief where a judgment would not terminate the uncertainty or controversy in litigation. We note that Section 7541(a) of the Act, 42 Pa. C. S. §7541(a), says that the Act is to be construed liberally and that it is remedial, its purpose being, *inter alia,* to afford relief from uncertainty with respect to legal relations. Here, the object of the suit is to determine whether the Respondents' signatures are necessary to validate the LCB contract. There, obviously, is considerable uncertainty in this matter, at least as far as we can determine from the pleadings now before us. Furthermore, if we subsequently determine that the signatures are not necessary, that disposition will end the controversy. Should we, on the other hand, determine that the signatures are necessary, our disposition of Shovel's action in mandamus also now before us, will likewise end the controversy. We find no merit in this objection.

## ORDER

The Petitioner's preliminary objections to Respondents' preliminary objections are overruled.

The Respondents' preliminary objections are overruled. The Respondents may file an answer within thirty (30) days of the date of this order.