561 A.2d 78

**Clyde McGRIFF, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 26, 1989.

Decided July 14, 1989.

Reconsideration Denied Aug. 9, 1989.

Clyde McGriff, Bellefonte, pro se.

Robert Greevy, Chief Counsel, Arthur R. Thomas, Asst. Chief Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Before us are preliminary objections in response to a petition for review filed in our original jurisdiction. The petition, filed by Clyde McGriff, (Petitioner) alleges that he was sentenced by the Court of Common Pleas of Allegheny County to serve three and one-half to seven years for convictions for burglary and receiving stolen property. The effective date of that sentence was December 28, 1982. On June 23, 1986 Petitioner was released on parole. While on parole Petitioner was convicted on new criminal charges for conduct occurring in California and Pennsylvania. The California conviction occurred on July 22, 1987; the Pennsylvania conviction occurred on April 14, 1988. Subsequently, in decisions dated December 22, 1987 and July 27, 1988

the Pennsylvania Board of Probation and Parole (Board) recommitted Petitioner as a convicted parole violator to serve fifteen months backtime and three months backtime respectively for a total of eighteen months backtime.

On September 21, 1988, pursuant to a Post Conviction Hearing Act procedure, the Court of Common Pleas of Allegheny County vacated Petitioner's original December 28, 1982 sentence determining that it had been illegally imposed because the sentencing court had failed to state for which offense the sentence was being imposed. Accordingly, Petitioner's three and one-half to seven year sentence was vacated.

The Board, however, has not vacated the eighteen month backtime recommitment imposed because of Petitioner's subsequent convictions, but imposed under the original sentence—which has now been declared illegal and vacated. The petition, which sounds in mandamus, contends that the Board is now duty bound to vacate its decision recommitting Petitioner because the original sentence was vacated. In other words, if there is now no original sentence to serve, there can not be backtime incarceration to serve in lieu of parole under that sentence. And petitioner requests this Court to issue an order directing the Board to vacate its recommitment order.

■ In response to this petition, the Board has filed a preliminary objection contending that it enjoys sovereign immunity, see 1 Pa.C.S. § 2310 (providing generally that the Commonwealth is to be immune from suit with certain enumerated exceptions), and hence, cannot be sued by Petitioner in this manner. Specifically, the Board calls attention to the fact that the caption in this case names only the "Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole" as Respondent and does not name or in any way delineate the individual members of the Board. It is the Board's position that sovereign immunity is a bar

to any action against the Board "qua Commonwealth agency, as opposed to the Board qua five Commonwealth officers." Board's brief, p. 5.

Pa.R.A.P. 1513(b) provides in pertinent part:

Where a public act or duty is required to be performed by an executive or administrative department, by a departmental administrative board or commission or by an independent administrative board or commission of this Commonwealth, or other board or body, it shall be sufficient to name the department, board, commission or body in the petition for review, *without naming or joining as a respondent the head of the department or the members of the board, commission, or body.*

(Emphasis added.) Thus, it is clear that it was not necessary for Petitioner to use the word "members" in his caption or to delineate specifically the names of any Board members.

▪ We move now to the question of whether a preliminary objection asserting the defense of sovereign immunity is proper in this instance.[1] Case law has established that sovereign immunity is not a proper defense in a case where a party seeks mandamus to compel the defendant to perform a duty imposed by the law. *Shovel Transfer and Storage Inc. v. Simpson,* 112 Pa.Commonwealth Ct. 129, 535 A.2d 251 (1987); *City of Philadelphia v. Shapp,* 44 Pa. Commonwealth Ct. 303, 403 A.2d 1043 (1979); *see also Simmons v. Cohen,* 111 Pa. Commonwealth Ct. 267, 534 A.2d 140 (1987) (doctrine of *official* immunity not applicable in mandamus proceeding). As Judge MacPhail observed in *Shovel Transfer:*

In the instant case ... no relief is sought *against* the [Commonwealth defendants] other than to compel them to

---

**1.** We note that for purposes of ruling upon preliminary objections all well-pleaded factual averments in the complaint are admitted, although conclusions of law are not. *Independent Association of Pennsylvania Liquor Control Board Employees v. Kerr,* 35 Pa. Commonwealth Ct. 133, 384 A.2d 1367 (1978).

perform a ministerial duty.... We believe such action falls within the holding of City of Philadelphia v. Shapp where we said that a suit in mandamus to require the defendants to perform highway repair obligations imposed by law "is not a situation where waiver of sovereign immunity is an issue." 44 Pa. Commonwealth Ct. at 310, 403 A.2d at 1047.

*Shovel Transfer*, 112 Pa. Commonwealth Ct. at 132–33, 535 A.2d at 252–53 (footnote omitted; emphasis in original). Accordingly, we shall overrule the Board's preliminary objection.[2] In so doing we observe that in *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981), our supreme court indicated that "A proceeding in mandamus is available to compel the Board of Probation and Parole to conduct a hearing or correct a mistake in applying the law." *Id.*, 491 Pa. at 554, 421 A.2d at 1023. *Accord, Pugh v. Pennsylvania Board of Probation and Parole*, 100 Pa. Commonwealth Ct. 130, 514 A.2d 284 (1986); *Donnell v. Pennsylvania Board of Probation and Parole*, 61 Pa. Commonwealth Ct. 517, 434 A.2d 846 (1981).

Based upon the foregoing opinion, the Board's preliminary objection is overruled.

## ORDER

NOW, July 14, 1989, the preliminary objection of the Pennsylvania Board of Probation and Parole filed in the above-captioned matter is hereby overruled and the Board is directed to file an answer to Petitioner's petition within twenty days of entry of this order.

**2.** It has not escaped our notice that the Board has improperly raised the defense of sovereign immunity in a preliminary objection instead of as an affirmative defense in its answer. *See Shovel Transfer*, 112 Pa. Commonwealth Ct. at 132 n. 4, 535 A.2d at 252 n. 4. However, inasmuch as Petitioner has not objected to the Board's procedure by filing a preliminary objection, we have proceeded to decide the issue. *See id.*