566 A.2d 643

**Dushawn SMITH, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 1989.

Decided Nov. 20, 1989.

Dushawn Smith, Greensburg, pro se.

Robert Greevy, Chief Counsel, Arthur R. Thomas, Asst. Chief Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

■ The Pennsylvania Board of Probation and Parole (Board) has filed preliminary objections to the petition for review of DuShawn Smith (petitioner). By memorandum and order dated May 17, 1989, this Court ordered that the

petition for review be treated as a petition addressed to this Court's original jurisdiction because the petition sounds in mandamus.

Petitioner is a prisoner at the State Correctional Institution at Greensburg, where he is serving a sentence of nine to twenty-five months for his convictions of robbery, simple assault and conspiracy. Petitioner filed this action against the Board alleging that it denied his application for parole on the basis that a firearm was used in the commission of the crime for which he is currently incarcerated.[1] The petition also alleges that petitioner wrote to the Board and stated that a weapon was not used in the commission of the crime and that petitioner was not charged with the use of a firearm nor was convicted of an offense involving a firearm.[2] It is further alleged that petitioner received a response from the Board stating that its records indicated that a gun was used in the commission of the crime and that it would not alter its records. Petitioner requests that this Court direct the Board to correct petitioner's records and reconsider him for parole.

The Board has raised three preliminary objections to petitioner's petition for review: (1) this Court lacks jurisdiction over the Board due to petitioner's improper service of the petition for review; (2) the Board enjoys sovereign immunity and is immune from suit; (3) the Board demurs on the basis that it has no duty to modify its records at petitioner's request.

■ Service of a process under this Court's original jurisdiction is governed by the Rules of Appellate Procedure. Pa.R.A.P. 1514(c) requires that service be made in person or by certified mail. Petitioner has conceded that the petition for review was served on the Board by first class mail. Service of the petition by first class mail is insufficient to

1. The order denying petitioner parole lists six reasons therefor. The fourth reason listed is: "[w]eapon used in the commission of offense —firearm."

2. Petitioner submits that his accomplice used a toy gun during the commission of the crime and that the record should clearly so state.

vest this Court with jurisdiction over the Board. *Bronson v. Filipi*, 107 Pa.Commonwealth Ct. 590, 528 A.2d 1060 (1987). Therefore, we conclude that this Court lacks jurisdiction over the Board and that the Board's preliminary objection on that basis must be sustained. Accordingly, we shall dismiss the petition for review.

Having concluded that service was improper and that the action must be dismissed, we need not address the further objections of the Board. However, in the interest of judicial economy and in order to clarify the law in this area, we shall address the Board's demurrer.

The Board demurs, submitting that it has no duty to modify its records upon receiving petitioner's assertion that its records are incorrect. In ruling on a demurrer, we are required to accept the petitioner's allegations as truth. Nevertheless, the petition for review fails to state a cause of action.

Section 19 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.19, states:

It shall be the duty of the board, upon the commitment to prison of any person whom said board is herein given the power to parole, to investigate and inform itself respecting the circumstances of the offense for which said person shall have been sentenced, and, in addition thereto, it shall procure information as full and complete as may be obtainable with regard to the character, mental characteristics, habits, antecedents, connections and environment of such person. The board shall further procure the stenographic record, if any, of the trial, conviction and sentence, together with such additional information regarding the crime for which sentence was imposed as may be available. The board shall further cause the conduct of the person while in prison and his physical mental and behavior condition and history, his history of family violence and his complete criminal record, as far as the same may be known, to be investigated and reported ... in granting paroles the board shall consider the nature and character of the offense committed,....

This Section contains no mandate that the Board modify its records at the request of a prisoner. Petitioner has cited no authority for his assertion and our research has revealed none. Thus, petitioner's petition for review fails to state a cause of action in mandamus because it does not establish a duty on the part of the Board. Accordingly, had service of the suit been proper, we would sustain the Board's preliminary objection on the basis of the demurrer and dismiss the petition for review.[3]

In closing, we note that subsequent to the filing of the petition, the Board filed with this Court, as an exhibit to a motion, a copy of its order modifying the language which petitioner disputes. It deleted the statement "weapon used in the commission of offense—firearm" and in its stead added "non-functioning replica of firearm used by accomplice in the commission of offense."

In accordance with our disposition of the service of process issue, the Board's preliminary objection on that basis is sustained and the petition for review is dismissed.

## ORDER

AND NOW, this 20th day of November, 1989, the preliminary objection of the Board as to the improper service of the petition for review in the above-captioned matter is sustained. The petition for review is dismissed.

---

**3.** The Board submits that it is immune from suit pursuant to 1 Pa.C.S. § 2310. The affirmative defense of sovereign immunity does not come into play where, as here, petitioner has failed to state a cause of action. Thus, we have declined to address the Board's preliminary objection asserting that this suit is barred by sovereign immunity. *See McGriff v. Pennsylvania Board of Probation and Parole,* 127 Pa. Commonwealth Ct. 167, 561 A.2d 78 (1989).