580 A.2d 452

**Nicholas PAZ, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, Pennsylvania Board of Probation and Parole, et al., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 2, 1990.

Decided Sept. 13, 1990.

164

Nicholas Paz, pro se.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondents.

Before CRAIG and COLINS, JJ., and NARICK, Senior Judge.

COLINS, Judge.

Before the Court are the Pennsylvania Board of Probation and Parole's (Board) preliminary objections to a Peti-

tion for Writ of Habeas Corpus filed by Nicholas Paz (petitioner), proceeding pro se, on May 10, 1989.[1]

Petitioner is a prisoner at the State Correctional Institution at Graterford. The following is a synopsis of the facts as he alleges them in his petition. Petitioner was paroled in the summer of 1985, after having served three years of a one to five year sentence imposed by the Philadelphia County Court of Common Pleas. He was arrested in January, 1986, by the Montgomery County authorities and charged with burglary, robbery and criminal conspiracy. In February of 1986, he was arrested by the Philadelphia County authorities and charged with burglary, robbery and criminal conspiracy. He received new sentences from both authorities on January 8, 1987 and was assigned a different inmate number from the one he had been assigned while serving the previous sentence. Approximately one year later, in early 1988, petitioner was informed by prison officials that he was being reassigned his old number. Petitioner submits that this action resulted in his sentence being increased five and one-half years.

Petitioner alleges that the Commonwealth of Pennsylvania, Pennsylvania Department of Corrections, Pennsylvania Board of Probation and Parole, the District Attorney of Montgomery County, and the District Attorney of Philadelphia County, acted unlawfully in reassigning him to his previous inmate number, and thereby imposing a longer sentence upon him. He argues that this action without notice or hearing denied him his due process and liberty interest protections guaranteed by the Pennsylvania Constitution and the United States Constitution.

The Board filed preliminary objections raising improper service. This Court responded by issuing a per curiam order June 26, 1989, directing petitioner "to serve all respondents by certified mail and file a certificate of service"

1. By per curiam order dated June 12, 1989, this Court designated the petition as a petition for review addressed to this Court's original jurisdiction. We conclude the petition is not truly a Petition for Writ of Habeas Corpus, over which we would not have original jurisdiction. *See* 42 Pa.C.S. § 761(a)(1)(i), Pa.R.A.P. 1502.

with this Court within 20 days evidencing same. Service was made in accordance with Pa.R.A.P. 1514 by certified mail.

Pursuant to preliminary objections filed by the Philadelphia County District Attorney's office, this Court issued a per curiam order November 6, 1989, sustaining the preliminary objections and dismissing the petition as to both the Montgomery County and Philadelphia County District Attorneys' offices for failure to state a cause of action against those respondents. Subsequently, by per curiam order dated January 29, 1990, this Court sustained the preliminary objections of respondent, Department of Corrections, and dismissed the petition as to the Department on the basis of improper service. Only the Board remains as a respondent.

On December 5, 1989, the Board filed the subject preliminary objections in the nature of a demurrer, raising sovereign immunity and the statute of limitations; in the nature of a motion for a more specific pleading; and also raising the issue of defective service as to any Board official. Petitioner then filed objections, which this Court elected to treat as an answer to the Board's preliminary objections. Both parties were directed to submit briefs and this matter is now before us for disposition.

Initially, we note that immunity from suit and statutes of limitations may not be raised by demurrer in preliminary objections,[2] but are affirmative defenses which must be pleaded under new matter in the answer.[3] We also note, however, that petitioner failed to challenge the propriety of the Board's raising the statute of limitations and immunity in its objections. Therefore, we can properly rule on the preliminary objections. *See Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986).

In reviewing the Board's preliminary objections, we must assume that the facts as pleaded by petitioner are true.

**2.** *See* Pa.R.C.P. No. 1017(b)(4).

**3.** *See* Pa.R.C.P. No. 1030.

Further, we will sustain the objections only if clear and free of doubt. *Globe Disposal Company v. Department of Environmental Resources*, 105 Pa.Commonwealth Ct. 599, 525 A.2d 437 (1987).

## DEMURRER

### *Sovereign Immunity*

■ The Board first contends that it enjoys sovereign immunity under the PA. CONST. art. I, § 11 and 1 Pa.C.S. § 2310 (Act 152) and, therefore, that it must be dropped as a party from this suit. Article I, Section 11 of the Pennsylvania Constitution states:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. *Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.* (Emphasis added.)

The Pennsylvania Supreme Court traditionally construed this language as immunizing the Commonwealth from suit in the absence of legislative provision. *See Freach v. Commonwealth*, 471 Pa. 558, 370 A.2d 1163 (1977); *Sweigard v. Pennsylvania Department of Transportation*, 454 Pa. 32, 309 A.2d 374 (1973). The court in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), however, reasoned that the history of Article I, Section 11 "indicates that the Framers of 1790 intended to allow the Legislature, if it desired, to choose cases in which the Commonwealth should be immune, but did not intend to grant constitutional immunity to the Commonwealth." *Id.*, 479 Pa. at 400, 388 A.2d at 717. Concluding that it was within the power of the court to alter the doctrine of sovereign immunity and that the doctrine was no longer consistent with the times, the court in *Mayle* abolished sovereign immunity as a defense.

In direct response to the *Mayle* decision, the General Assembly enacted Act 152 to reaffirm sovereign immunity and to prescribe limitations on the court's decision to abolish the doctrine. Act 152 states:

> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute.

1 Pa.C.S. § 2310. We believe that Act 152 does not stand in a vacuum and cannot be read alone but must be read in conjunction with Sections 8521–8528 of the Judicial Code (Code).[4]

The language of the Code clearly speaks to actions sounding in tort against the Commonwealth by parties seeking damages.[5] Furthermore, the Pennsylvania Supreme Court held that sovereign immunity was not a bar where the petitioners were not seeking to compel affirmative action on the part of state officials, or to recover property or obtain money damages from the Commonwealth, but were merely seeking declaratory relief. *Philadelphia Life Insurance Company v. Commonwealth*, 410 Pa. 571, 190 A.2d 111 (1963). *See also Fawber v. Cohen*, 516 Pa. 352, 532 A.2d 429 (1987) (an action seeking injunctive and declaratory relief to restrain the Secretary of the Department of Public Welfare from enforcing allegedly invalid regulations).

**4.** 42 Pa.C.S. §§ 8521–8528.

**5.** *See* 42 Pa.C.S. §§ 8522, 8526 and 8528.

This Court held in *Shovel Transfer & Storage, Inc. v. Simpson*, 112 Pa.Commonwealth Ct. 129, 535 A.2d 251 (1987), *rev'd on other grounds*, 523 Pa. 235, 565 A.2d 1153 (1989), that sovereign immunity was not available as a defense where the relief sought against state officials was nothing more than to compel them to perform a ministerial duty. The case involved a contract action by a private party seeking to compel the comptroller of the Liquor Control Board and the Secretary for Budget and Administration for the Commonwealth to sign a contract it had entered into with the Liquor Control Board. Further, the Commonwealth has unquestionably waived its immunity to actions against it arising out of contract.[6]

Similarly, in *McGriff v. Pennsylvania Board of Probation and Parole*, 127 Pa.Commonwealth Ct. 167, 561 A.2d 78 (1989), this Court held that where the relief sought against the Commonwealth is to compel it to perform a duty imposed by law, then the doctrine of sovereign immunity is not applicable. Therein, a parolee filed a mandamus petition seeking to compel the Board of Probation and Parole to vacate its order recommitting parolee after his original sentence had been vacated.

Herein, petitioner alleges that his reassignment to his previous inmate number resulted in his sentence being erroneously increased and seeks to have his remaining sentence properly computed. He alleges no adjudicatory action but what appears to be an internal action by "prison officials."[7] We conclude that the petition is in the nature of an equity action. Petitioner clearly is not seeking damages. Although this is not a mandamus action, the relief petitioner seeks is analogous to the relief sought in *McGriff*. This Court has determined that mandamus is similar to remedies governed by equitable principles, stating that "although [an] action in mandamus lies on the law side of the Court, equitable principles guide the Court in decid-

6. *See* the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §§ 4651-1 —4651-10.

7. We are assuming that there is no adequate remedy at law.

ing whether or not the writ should be issued." *Keith v. Pennsylvania Board of Probation and Parole,* 76 Pa.Commonwealth Ct. 544, 547–48, 464 A.2d 659, 661 (1983). Therefore, we conclude the defense of sovereign immunity is not available to the Board in this action.

## Statute of Limitations

■ The Board next asserts that this action is barred because the six months statute of limitations under 42 Pa.C.S. § 5522(b)(1) had expired when petitioner brought suit on May 10, 1989. That section provides that "[a]n action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter" must be commenced within six months. There are no officers of any government units named in this action. Therefore, we hold this action is not governed by 42 Pa.C.S. § 5522(b)(1).

## Motion for a More Specific Pleading

■ The Board requests that this Court order petitioner to amend the petition to specifically state the time and place of the alleged official misconduct, as mandated by Pa.R.C.P. No. 1019(f). Additionally, the Board asks that the amended petition identify the specific officials of the Board involved, and describe the conduct complained of, citing Pa.R.C.P. No. 1095. First, we note that Rule 1095 governs the procedure to be followed in *mandamus* actions and is not relevant to the matter *sub judice.*

Preliminary objections in the nature of a motion for a more specific pleading provided for under Pa.R.C.P. No. 1017(b)(3) raise the sole question of whether the pleading is sufficiently clear to enable the defendant to prepare his defense. *Goodrich–Amram 2d Section 1017(b):9.* In other words, does the failure of petitioner to address more specifically the matters complained of by the Board render the petition so vague and uncertain that it must be amended so as to enable the Board to prepare its defense. We think

not. "A more specific pleading should not be required as to matters about which the objecting party has, or should have, as much or better knowledge than the pleader." *Hock v. L.B. Smith, Inc.,* 69 D. & C.2d 420 (1974); *Goodrich–Amram 2d § 1017(b):9.* Clearly, the Board has or should have knowledge of the petitioner's having been reassigned his old inmate number and of any recomputation of his sentencing term. This Court is of the opinion that the petition is sufficiently specific to enable the Board to obtain the necessary information to adequately prepare its defense. Therefore, we decline to grant the motion.

### Defective Service

Finally, the Board objects, raising due process [8] concerns, on the basis that no individual members of the Board have been served or notified, to the extent the petitioner is suing any such members of the Board. Petitioner has neither named any individual Board member nor indicated that he is suing any individual Board members. We direct the Board's attention to Pa.R.A.P. 1513, which petitioner has properly followed. *See McGriff.* Therefore, service is not defective.

In light of the foregoing, we must overrule the preliminary objections raised by the Board; and the Board is directed to file an answer to the petition within thirty days of the date of this opinion and order.

### ORDER

AND NOW, this 13th day of September, 1990, the preliminary objections filed by the Pennsylvania Board of Probation and Parole in the above-captioned matter are overruled. The Board is hereby directed to file an answer to the petition within thirty days of the date of this order.

8. U.S. CONST. amend. XIV.