Kathryn F. Fleming and Steven J. Hansen and Wesley J. VanZile, Appellants *v.* Donald D. Rockwell, Mayor et al., Appellees.

Argued September 13, 1985, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*John S. Hollister,* for appellants.

*George J. Meng,* with him, *William A. Jones, Sherr, Moses & Zuckerman, P.C.,* for appellees.

OPINION BY JUDGE PALLADINO, November 21, 1985:

This appeal is brought by Kathryn F. Fleming, Steven J. Hansen and Wesley J. VanZile (Appellants) from an order of the Court of Common Pleas of Bradford County dismissing Appellants' action in

mandamus against the Borough of Troy, et al.[1] (Borough) for lack of jurisdiction. We affirm.

The facts as pled aver that Hansen was employed by the Borough as a police officer until the end of 1980, when he learned that he had been permanently removed from the police duty roster. Fleming was employed as a police officer until July 18, 1981, at which time she was terminated as an officer and given a position as a "meter maid", a job from which she was later discharged on December 29, 1981.[2]

Both Hansen and Fleming thereafter sought a statement of charges against them and an opportunity for a hearing pursuant to Section 4 of the Police Tenure Act[3] (Act). The Borough denied their requests, however, on the grounds that Hansen and Fleming were not regular full-time police officers and that, therefore, their dismissals were not within the purview of the Act. On March 13, 1984, Appellants brought an action in mandamus seeking to compel the Borough to comply with the provisions of the Act. Sustaining the Borough's preliminary objections as to the lateness of the suit, the trial court held that, be-

---

[1] Also named as defendants in this suit are Donald O. Rockwell, Mayor; Paul Reynolds, Borough Council President; John Parsell, Borough Manager; James Bruce, Walter Corbett, Richard Garrison, Wayne McClure, Harry Ross and Gerald Vollmer, Councilmen. All defendants are named individually and as the elected government of the Borough of Troy, a Pennsylvania Municipal Corporation.

[2] Although VanZile was named as a plaintiff in the case at bar, the only pertinent averment is one identifying him as the Borough's chief of police, and Appellants request no relief respecting VanZile. Moreover, VanZile is currently a party to a separate action regarding his own discharge by the Borough, which action has also been appealed to this Court. *Borough of Troy v. VanZile* (No. 2872 C.D. 1983). The trial court was therefore correct in holding that the complaint was defective insofar as it purported to concern the rights of VanZile.

[3] Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §814.

cause Appellants were dismissed from their employment more than six months prior to the filing of their complaint, they are time-barred by the six-month statute of limitations under 42 Pa. C. S. §5522(b)(1).[4]

On appeal to this Court, Appellants have attempted to characterize their suit as not only an action in mandamus but also a civil rights action, to which the six-month statute of limitations does not apply. Moreover, they contend that, as long as the Borough denies them their constitutional right to a hearing, the statute of limitations has not yet run because there is a continuing constitutional violation which engenders a new cause of action daily. Finally, Appellants argue that the Borough has engaged in dilatory tactics in the course of this suit and that such conduct itself constitutes a continuing constitutional tort.

In addressing Appellants' contentions, we begin by noting that their argument as to the existence of a continuing violation that precludes the running of the statute of limitations is totally without merit. Appellants cite no case law in support of their position and, indeed, it is well settled that a statute of limitations begins to run when the cause of action accrues. *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, 31 Pa. Commonwealth Ct. 212, 217, 375 A.2d 890, 892 (1977), *aff'd* 482 Pa. 615, 394 A.2d 491 (1978). Accrual occurs at the time when the plaintiff could have first maintained the action to a successful con-

---

[4] This section provides as follows:

(b.) *Commencement of action required*—The following actions and proceedings must be commenced within six months:

(1) An action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter.

clusion. *Kapil v. Association of Pennsylvania State College and University Faculties,* 504 Pa. 92, 99, 470 A.2d 482, 485 (1983).

Appellants aver in their pleadings that Hansen's employment was terminated at the end of 1980 and that Fleming was discharged on December 29, 1981. Assuming only for the purpose of this argument that the Police Tenure Act is applicable to these dismissals, then the Borough had, after each dismissal, five days within which to file written charges against Appellants, and ten days thereafter in which to grant them a public hearing. Appellants could have successfully maintained their respective causes of action once the fifteen days within which the Borough was required to act had elapsed. Hansen's cause of action, therefore, accrued in the middle of January, 1981, and Fleming's cause of action accrued in the middle of January, 1982. It was at these times, respectively, that the statute of limitations began to run for each cause of action.

In holding that Appellants' suit was time-barred, the trial court concluded that the six-month statute of limitations under 42 Pa. C. S. §5522(b)(1) is applicable to an action in mandamus and that Appellants had filed their complaint long after the six-month period had run. We agree that the six-month limitations period was controlling in the instant suit, because it was commenced as an action in mandamus.

Appellants contend further that, since a cause of action for the deprivation of their civil rights under 42 U.S.C. §1983 (Section 1983) is pleaded, the six-month limitations period is not applicable to such a case. An examination of the pleadings reveals that even after twice amending their complaint, Appellants have succeeded only in presenting a vague and convoluted list of allegations as to various constitutional deprivations they claim to have suffered. Even assuming Appellants could make out a sufficient cause

96

of action under Section 1983, any such civil rights action Appellants could have brought is also time-barred because, in Pennsylvania, a two-year statute of limitations applies to civil rights actions brought under Section 1983.[5]

As for Appellants' allegation that the Borough has engaged in dilatory tactics, we have reviewed the record thoroughly and find this allegation to be without merit.

## ORDER

AND Now, November 21, 1985, the decision of the Court of Common Pleas of Bradford County, at No. 84-14, 719, dated December 19, 1984, is affirmed.

[5] *See Balshy v. Rank*, 507 Pa. 384, 490 A.2d 415 (1985) ; *see also Knoll v. Springfield Township School District*, U.S. , 53 U.S.L.W. 4488 (4/17/85), *and Wilson v. Garcia*, U.S. , 53 U.S.L.W. 4481 (4/17/85).