620 A.2d 76

**TOWNSHIP OF BENSALEM, Appellant,**

v.

**Shelly A. MOORE, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Jan. 7, 1993.

Reargument Denied March 11, 1993.

Neil A. Morris, for appellant.

No appearance for appellee.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Township of Bensalem (Township) appeals from an order of the Court of Common Pleas of Bucks County which entered summary judgment in favor of Shelly Moore (Moore). The Township argues that questions of material fact exist as to whether Moore was entitled to protection under the Act of June 15, 1951, P.L. 586, § 2, *as amended,* 53 P.S. § 812 (commonly known as the Police Tenure Act). The Township concludes that entry of summary judgment in favor of Moore was improper. The Township also argues that Moore's action in mandamus is barred by the doctrine of laches, by the appropriate statute of limitations and because Moore had an alternative adequate remedy at law. We agree that entry of summary judgment in favor of Moore was improper because this action is barred by the statute of limitations of 42 Pa.C.S. § 5522(b)(1).

Our standard of review in this case is clear. Summary judgment is only proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b). The

moving party bears the burden of proving the absence of any material disputed facts. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979). The record must be read in the light most favorable to the non-moving party, which is entitled to the benefit of all reasonable inferences. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). Any doubt as to the existence of a material factual issue must be resolved against the moving party; summary judgment is proper only in the clearest of cases. *Thompson Coal Co.* When confronted with a motion for summary judgment, a trial court must not decide the factual dispute, it must confine its inquiry to the question of whether a material factual dispute exists. *Mylett v. Adamsky,* 139 Pa.Commonwealth Ct. 637, 591 A.2d 341 (1991).

The undisputed facts of this case are summarized as follows. Moore began work as a police officer for the Township on April 2, 1987. At that time, Moore signed a contract which provided that she could be terminated from her position with the Township at any time without liability. Subsequent to her hiring, Moore joined the Bensalem Township Police Benevolent Association (PBA). The police officer position is within a bargaining unit and was subject to the 1987 collective bargaining agreement which did not specifically provide for the position of probationary police officer. The 1987 bargaining agreement does, however, provide that after completion of probation, all officers who do not reside within the Township must establish such residency within ninety days. Moore worked as a police officer from April 2, 1987 until March 30, 1988, she never resided in Bensalem Township during that period.

Moore was terminated after a follow-up psychological evaluation and review of her first year performance on the job. She filed a grievance regarding her termination. The Township refused to follow the grievance procedure claiming that, because she was a probationary police officer, Moore was not entitled to invoke the grievance procedures under the collective bargaining agreement. On November 16, 1989, Moore filed a complaint seeking mandamus relief to compel the

Township to reinstate her to the position of police officer and an award of back pay.

In opposition to Moore's motion for summary judgment, the Township presented affidavits from all other officers hired with Moore in April, 1987, which state that those officers understood that they were hired as probationary police officers. Additionally, the Township presented the affidavit of Carmen Raddi, Township Manager, which states that all officers, including Moore, are on a one year probationary status when initially hired. Likewise, the affidavits of Police Captains Traenkle and Robinson, as well as that of the evaluating psychologist, Dr. Grossman, state that all officers were subject to a one year probationary period.

■  Moore's complaint in mandamus alleges that the Township's action in terminating her employment on March 30, 1988 violates 53 P.S. § 812 which provides as follows:

No person employed as a regular full time police officer in any police department of any township of the second class, or any borough or township of the first class within the scope of this act, with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of (sic) any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed.

An officer covered by the provisions of the Police Tenure Act may not be dismissed without prior notice of charges and a hearing on the existence of one or more of the enumerated

grounds for dismissal. *Nuss v. Township of Falls,* 89 Pa.Commonwealth Ct. 97, 491 A.2d 971 (1985).

■ In essence, Moore claims that she was a full time police officer who was terminated without prior notice of charges and without a hearing. The question of Moore's status on the date she was terminated, i.e., was she a full time police officer or probationary police officer who had been appointed one year or less, is crucial to her case. As per the language quoted above, the protections of the Police Tenure Act do not extend to a probationary police officer employed for one year or less.

The trial court used the following analysis to decide that Moore was a full time police officer entitled to the protections of the Police Tenure Act. Moore was hired pursuant to the provisions of the 1987 collective bargaining agreement between the Township and the PBA. The 1987 bargaining agreement does not provide for probationary police officers, only patrolmen, sergeants and detectives. The 1988 bargaining agreement, however, does specifically provide for probationary officers. Because the 1987 agreement did not specifically provide for probationary officers, Moore was a patrolman entitled to utilize the grievance procedure. The Township's refusal to follow the grievance procedure of the collective bargaining agreement was a failure to respond and results in a conclusive finding for Moore, the grievant. Because the finding on the grievance establishes Moore as a full time police officer, she is entitled to the protections of the Police Tenure Act. The Township admits that Moore was terminated without notice of charges or prior hearing and thus, the trial court concludes that summary judgment follows as a matter of law.

■ In its analysis, the trial court improperly decided two factual questions rather than merely determining whether factual questions exist. The trial court analysis begins with the proposition that Moore was hired pursuant to the 1987 collective bargaining agreement between the Township and the PBA. The Township has offered numerous affidavits in support of its contention that Moore, like the other officers hired in 1987, was not hired pursuant to the 1987 bargaining

agreement but pursuant to an at-will contract. The trial court decided this question in favor of Moore.

■ Even assuming that the trial court could decide as a matter of law that, because Moore was a member of the bargaining unit from her date of hire, her employment was governed by the 1987 bargaining agreement rather than the at-will contract she admittedly signed, the trial court erred when it determined that the agreement did not contemplate probationary officers. Article I. A. of the 1987 agreement, governing wages, provides three different ranks for officers: Sergeant, Detective and Patrolman. While this article does not include a rank of probationary police officer, the wages for a first year patrolman are $5,000.00 less than the wage paid a second year patrolmen. Article XI. A. 1. of the 1987 agreement provides as follows: "All members of the DEPART-MENT hired subsequent to January 1, 1985 shall be required to establish a bona-fide residency in the Township of Bensalem within three (3) months after the expiration of their probationary period." By its own terms, the 1987 agreement acknowledges that some police officers will serve a probationary period.

The 1987 bargaining agreement is ambiguous as to whether Moore, like all other newly hired officers, was a probationary police officer. The existence of an ambiguity presents a question of fact which the trial court should not decide as a matter of law. *Pines Plaza Bowling, Inc. v. Rossview, Inc.*, 394 Pa. 124, 145 A.2d 672 (1958). Because the disputed fact, whether Moore was a full time or probationary police officer, is material to this case summary judgment was improper. *Mylett.* Accordingly, we will reverse the portion of the order which granted summary judgment in favor of Moore.

The Township also argues that it was entitled to summary judgment due to the bar of the statute of limitations in 42 Pa.C.S. § 5522(b)(1). We agree. In denying the Township's motion for summary judgment based on Section 5522(b)(1), the trial court cited *Paz v. Commonwealth, Department of Corrections,* 135 Pa.Commonwealth Ct. 162, 580 A.2d 452 (1990), for the proposition that, when a complaint brings an

action against a governmental unit rather than against government officers, the six-month statute of limitations of Section 5522(b)(1) does not apply. We find *Paz* distinguishable because of the difference between the nature of the complaint asserted there and the mandamus action presented here.

The petitioner in *Paz* asserted that the Pennsylvania Board of Probation and Parole had violated his constitutional right to due process by increasing his sentence without notice or prior hearing. Nowhere in *Paz* is there any mention of mandamus, the precise relief sought here. "Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other adequate and appropriate remedy at law." *Darney v. West Mifflin Borough,* 23 Pa.Commonwealth Ct. 267, 269, 351 A.2d 317, 317–18 (1976) (citations omitted). A mandamus against a municipality properly lies against the municipal officer whose duty it is to perform the act commanded to be done. *Commonwealth ex rel v. Schmidt,* 287 Pa. 150, 134 A. 478 (1926). In a mandamus action brought against a municipality, Pa.R.Civ.P. 1094(a) requires that the proper officers and officials of the municipality be made party defendants. *Commonwealth ex rel. McBride v. City of Wilkes–Barre,* 72 Dauph. 327, 16 Pa.D. & C.2d 762 (1958).[1] The trial court should have required Moore to join the Township officials who would be ordered to perform the ministerial acts if she prevailed in her claim for mandamus relief.

Once Moore had joined the Township officials, as required by law, it is clear that her action in mandamus would

---

1. *Pittenger v. Union Area School Board,* 24 Pa.Commonwealth Ct. 442, 356 A.2d 866 (1976), a plurality decision holding that individual members of a school board need not be named as defendants in a mandamus action, is distinguishable. *Pittenger* cites Pa.R.Civ.P. 1094(c), which provides that it is only necessary to name the administrative board, department or commission when a mandamus action is brought against an executive or administrative department, board or commission of the Commonwealth or political subdivision. Here, Moore has brought her action against the Township as a whole, not a board or body of the Township, and Rule 1094(a), not Rule 1094(c), applies.

be barred by the statute of limitations in 42 Pa.C.S. § 5522(b)(1). This court has previously held, in a case virtually on all fours with the facts presented here, that Section 5522(b)(1) applies to an action in mandamus to compel a municipality to comply with the provisions of the Police Tenure Act. *Fleming v. Rockwell,* 93 Pa.Commonwealth Ct. 91, 500 A.2d 517 (1985). The plaintiffs in *Fleming* had been dismissed from positions as police officers by the Borough of Troy without prior notice and hearing; the Borough denied the plaintiffs' request for a hearing alleging that they were not full time police officers entitled to the protections of the Act; plaintiffs brought an action in mandamus seeking to compel the Borough to comply with the Act; the Mayor and Borough Council Members, as well as the Borough itself, were named defendants. *Fleming,* 93 Pa.Commonwealth Ct. at 93, 500 A.2d at 518–19. In upholding the trial court's action in dismissing the case because it was brought more than a year after the plaintiffs were dismissed from their positions we stated: the six-month limitation period was controlling in the instant suit, *because it was commenced as an action in mandamus."* *Fleming,* 93 Pa.Commonwealth Ct. at 95, 500 A.2d at 519 (emphasis added).

Similarly here, Moore has chosen to pursue an action in mandamus to compel a municipality to comply with the Police Tenure Act. The nature of the relief she seeks requires her to join the appropriate Township officials under Rule 1094(a). *Fleming* is clear that her action must be commenced within six-months of the date of her termination. Moore was terminated from her position on March 30, 1988. She did not file her complaint until November 16, 1989. Moore cannot avoid the applicable limitations period by failing to name as party defendants those required to be named in a mandamus proceeding. This action is clearly barred by 42 Pa.C.S. § 5522(b)(1).[2]

2. Because we hold that Moore's action is barred by the appropriate statute of limitations, we need not address the Township's arguments that the action is barred by laches and/or the existence of an adequate alternative remedy at law.

We will reverse the portion of the order which denied the Township's motion for summary judgment and remand to the trial court with directions to enter summary judgment for the Township.

## ORDER

AND NOW, this 7th day of January, 1993, it is ORDERED as follows:

1. The order of the trial court granting Shelly A. Moore's motion for summary judgment is reversed.

2. The order of the trial court denying the motion of the Township of Bensalem for summary judgment is reversed and the matter is remanded to the trial court to enter summary judgment in favor of the Township of Bensalem.

Jurisdiction relinquished.