**John W. PETSINGER, Petitioner**

v.

**DEPARTMENT OF LABOR & INDUS-
TRY, OFFICE OF VOCATIONAL RE-
HABILITATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 16, 2009.
Decided Jan. 21, 2010.

John W. Petsinger, petitioner, pro se.

Richard C. Lengler, Deputy Chief Counsel and Jane C. Pomerantz, Chief Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Like a cat with nine lives, this controversy between Petitioner John W. Petsinger and Respondent Department of Labor and Industry (L & I), Office of Vocational Rehabilitation (OVR) returns to us for at least the fourth time. This time, in our original jurisdiction, we review preliminary objections to Petsinger's uncounseled petition for review in the nature of a complaint in mandamus.

By way of introduction, Petsinger is a former OVR employee who was terminated in 1988 following his arrest for terroristic threats against L & I personnel and property. In his current petition, he seeks to compel OVR to direct L & I to undertake "reasonable accommodations" to return him to his former position, and to provide him, as an OVR client, with vocational rehabilitation services. Petsinger also requests L & I "review and correct" its 1988 decision to terminate him in light of a 1997 workers' compensation decision finding him disabled.

OVR raises several preliminary objections to Petsinger's petition. OVR contends 1) the petition is legally insufficient to state a cognizable mandamus claim for the provision of vocational rehabilitation services or review and correction of Petsinger's termination; 2) Petsinger failed to exhaust available statutory and administrative remedies; 3) Petsinger's petition lacks the necessary specificity for mandamus because it fails to identify the specific rehabilitation services to which Petsinger has a clear right, or the reasonable accommodations OVR is supposed to request on Petsinger's behalf; 4) the petition fails to conform to the applicable rules of court because it was not properly verified as required by Pa. R.A.P 1513(e); and, 5) the petition contains scandalous and impertinent matter. For the reasons that follow, we sustain OVR's demurrer and dismiss Petsinger's petition for review.

## I. Background

### A. Employment History; Disability Awards

Petsinger's petition for review alleges as follows. Petsinger worked for the Department of Public Welfare (DPW) from 1972 to 1978. From September, 1978 to March, 1988, OVR employed Petsinger as a vocational rehabilitation counselor 1. OVR's function is to provide appropriate vocational rehabilitation services to disabled people

to enable them to obtain suitable employment. Petsinger left DPW to work at OVR in order to help people become employed rather than to maintain them on public assistance.

Petsinger avers that he soon began to experience workplace problems at OVR. From 1982 to 1988, Petsinger filed a number of complaints with the State Civil Service Commission (Commission) and the Pennsylvania Social Services Union (Union). Petsinger complained his OVR supervisors regularly encouraged him to falsify records regarding OVR closure statistics. He further complained his supervisors publicly harassed him because of his sexual orientation, ancestry and religious beliefs. Petsinger's supervisors progressively isolated him from other OVR employees. Neither the Commission nor the Union addressed these complaints prior to 1987.

Petsinger further avers that he also contacted the Office of Inspector General (OIG) regarding his workplace complaints. In January, 1988, an investigator advised Petsinger OIG would investigate the alleged falsification of records, but would not investigate the non-merit harassment claims. Petsinger advised the OIG investigator he would not return to work until the harassment claims were investigated. That same day, Petsinger called in sick, and he later joined friends for drinks. Petsinger returned home at approximately 8:00 p.m. Shortly thereafter, the police arrested Petsinger for making terroristic threats against L & I personnel and property. Petsinger remained incarcerated for about 12 hours. The next morning, Petsinger received a certified letter from L & I suspending his employment pending an investigation.

According to the petition, L & I's Bureau of Human Resources investigated the incident. Jim Wildeman, now L & I's Bureau of Human Resources Director (BHR Director), met with Petsinger and his then-attorney to discuss the alleged mistreatment at OVR. On March 3, 1988, on BHR Director's recommendation, L & I terminated Petsinger. Ultimately, Petsinger was acquitted of the criminal charges.

Petsinger also avers he appealed his termination to the Commission, which later advised him that it acted on his attorney's request to withdraw his appeal. The Commission then failed to respond to Petsinger's attorney's request for reinstatement of his complaint. In addition, any further action on Petsinger's complaints of discriminatory treatment stopped.

Beginning in 1988, following his termination, Petsinger applied several times to OVR for vocational rehabilitation services necessitated by the workplace harassment he experienced at OVR. L & I, through its attorneys, constantly opposed Petsinger's requests for OVR services. However, in 1990, OVR certified Petsinger disabled due to generalized anxiety disorder, with a depression component, due to stress to meet work demands. Also, in a 1994 interlocutory order, a Workers' Compensation Judge (WCJ) found Petsinger totally disabled due to a compensable psychological injury caused by abnormal working conditions at OVR (continued harassment by his supervisor).

Petsinger avers that in 1995, he and OVR entered an agreement to return him to employment as a vocational counselor and referred him to the Commission for competitive testing and placement. However, OVR refused to incorporate the 1994 WCJ's interlocutory order into Petsinger's application.

The petition also states that following civil service testing, Petsinger placed third on the eligible list for the position of OVR

vocational rehabilitation counselor 1, the same position from which OVR previously terminated him. He placed first on the eligible list for the position of vocational counselor for L & I's Bureau of Blindness and Visual Services. He placed second on the eligible list for the DPW position of income maintenance caseworker. However, L & I and DPW took legal action to remove Petsinger from these lists and used "termination for cause" as the reason.

According to other averments in the petition, in February 1997, a WCJ awarded Claimant total disability workers' compensation benefits effective January 25, 1988. Petsinger also receives Social Security benefits as a result of his disability.

## B. Most Recent OVR Application

In 2007–08, Petsinger made his most recent application to OVR for vocational rehabilitation services. Regarding this application, Petsinger's petition alleges:

55. [Petsinger's] 'employment handicap' is no longer an 'adverse reaction to [OVR's] abnormal working condition.'

56. [Petsinger's] 'employment handicap' is now an erroneous employment record, based on [BHR Director's] unresearched decision to permit 'almost no access to established appeal processes' for the 'false arrest' arranged to silence [Petsinger].

\* \* \*

64. [Petsinger's] most recent application for services was closed as if I requested that it be closed without noting 'OVR failure to cooperate.'

\* \* \*

67. [Petsinger] appealed this decision. OVR took nearly twice the amount of time prescribed by law in which to answer that appeal. The 'fair hearing officer' denied [Petsinger's] appeal, and instructed that [Petsinger] not be permitted to reapply for OVR services without representation.

68. OVR provided no instruction regarding how to appeal this unwise decision until [Petsinger] asked.

69. OVR's argument these days seems to be that [Petsinger] 'continuously refused to separate his grievances against OVR as his former employer from any application for OVR services, despite being instructed to do so on numerous occasions in the past.'

70. In reality, it is OVR that can not separate grievances against OVR as [Petsinger's] former employer from any application for OVR services. To provide the 'appropriate' vocational rehabilitation services, OVR would have to accept [the workers' compensation award] that places the blame for [Petsinger's] 'employment handicap' on OVR, and provide services that would negate OVR's two-decade-old action to terminate employment without cause or appeal rights and KEEP [Petsinger] unemployed.

\* \* \*

81. With a false arrest on [Petsinger's] record for threatening a former employer, it is impossible for [Petsinger] to be hired for ANY position.

82. [Petsinger] simply asks that [BHR Director] review his 1988 decision to terminate [Petsinger's] employment in light of 'recently submitted pertinent information from [the workers' compensation authorities] in order to provide 'reasonable accommodation' for an employment handicap that [OVR] created.

83. As a Social Security recipient, [Petsinger] is presumed eligible for OVR services.

84. [OVR] would be required to approach any other applicant's former employer to request 'reasonable accommodation' from the former employer as a

way to return the injured employee to 'suitable gainful employment.'

85. [OVR] has slowly eroded any chance [Petsinger] may have to obtain services. The most recent [OVR] decision now requires that [Petsinger] engage a lawyer just to APPLY for services.

Pet. for Review at ¶¶ 55–56, 64, 67–70, 81–85.

## C. Request for Relief

Based on the above averments, Petsinger claims OVR, since 1982, denied him access to established appeal processes and will continue to do so unless so ordered by this Court. Petsinger requests this Court order OVR to reopen his application for vocational rehabilitation services. See Pet. for Review (Argument and Conclusion). Petsinger further requests the Court to order that BHR Director review and correct his 1988 decision to terminate Petsinger in view of the workers' compensation decision finding Petsinger disabled as a result of abnormal working conditions at OVR.

OVR filed preliminary objections to Petsinger's petition, which are now before the Court for disposition.

## II. OVR's Preliminary Objections

### A. Failure to State a Cause of Action in Mandamus

#### 1. Failure to Exhaust Statutory and Administrative Remedies

 OVR raises the existence of adequate statutory and administrative remedies both as a demurrer under Pa. R.C.P. No. 1028(a)(4) and as a separate objection under Pa. R.C.P. No. 1028(a)(7) (failure to exercise or exhaust a statutory remedy).[1] OVR asserts Petsinger cannot succeed on his mandamus action because he clearly had adequate statutory and administrative remedies to address both his employment and OVR client complaints under the Civil Service Act,[2] the federal Rehabilitation Act of 1973 (federal Rehab Act),[3] and Pennsylvania's Vocational Rehabilitation Act (PA Rehab Act).[4]

Petsinger's uncounseled response to OVR's preliminary objections consists mostly of assertions of mistreatment over the years by L & I and OVR, both before and after his 1988 termination. Petsinger repeatedly asserts his supervisors at OVR discriminated against him and harassed him as noted in the 1997 workers' compensation award. Petsinger further argues L & I terminated him without cause or appeal rights. He also complains of the gross mismanagement of his applications for OVR services from 1988 to present.[5]

---

1. "In ruling on preliminary objections, the courts must accept as true all well-pled allegations of material fact as well as all inferences reasonably deducible from the facts." *Christ the King Manor v. Dep't of Pub. Welfare,* 911 A.2d 624, 633 (Pa.Cmwlth.2006), *aff'd per curiam,* 597 Pa. 217, 951 A.2d 255 (2008). "However, unwarranted inferences, conclusions of law, argumentative allegations or expressions of opinion need not be accepted." *Id.* "For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party." *Id.* A preliminary objection in the nature of a demurrer must be sustained

where it is clear and free from doubt that the law will not permit recovery under the facts alleged. *Africa v. Horn,* 701 A.2d 273 (Pa. Cmwlth.1997).

2. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1005.

3. 29 U.S.C. §§ 701–97(b).

4. Act of December 20, 1988, P.L. 1306, *as amended,* 43 P.S. §§ 682.1–682.18.

5. As OVR asserts, Petsinger's pleadings and briefs are saturated with impertinent matter including repeated references to the costs to

Regarding the issue of the existence of adequate statutory and administrative remedies, Petsinger argues that "in-house" or administrative appeals are "useless" and that attorneys have told him he would likely lose the appeals.

A party challenging administrative decision-making who has not exhausted available administrative remedies is precluded from obtaining judicial review by mandamus [6] or otherwise. *Matesic v. Maleski,* 155 Pa.Cmwlth. 154, 624 A.2d 776 (1993). The availability of adequate, meaningful administrative remedies is a bar to a mandamus action. *Mueller v. Pa. State Police Headquarters,* 110 Pa. Cmwlth. 265, 532 A.2d 900 (1987). In addition, an individual who allows his statutory appeal rights to expire cannot at a later date reclaim those appeal rights under the guise of a petition for mandamus. *Lizzi v. Unemployment Comp. Bd. of Review,* 466 Pa. 450, 353 A.2d 440 (1976). With these principles in mind, we review the statutory remedies available in the Civil Service Act, the federal Rehab Act and the PA Rehab Act.

### a. Civil Service Act

Section 951(a) of the Civil Service Act, 71 P.S. §§ 741.951(a), provides remedies in the form of appeals to the Commission for regular employees in the classified service who are permanently separated or suspended from employment on the ground that such action was taken in violation of the Act. Further, Section 905.1 of the Civil Service Act [7] provides:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

Pursuant to Section 951(b) of the Civil Service Act, 71 P.S. § 741.951(b), any person aggrieved by an alleged violation of Section 905.1 may appeal to the Commission within 20 days of the alleged violation. Also, because there is an absolute right of appeal to this Court from a final decision of the Commission, mandamus or injunctive relief is unavailable. *Holly v. Pa. Crime Victim's Comp. Bd.,* 74 Pa.Cmwlth. 609, 460 A.2d 900 (1983). *See also Hill v. Harrisburg Hous. Auth.,* 31 Pa.Cmwlth. 157, 375 A.2d 859 (1977) (an appeal to this Court, not a writ of mandamus, is the proper route to challenge alleged procedural errors by the Commission, including the failure to grant a hearing in a civil service appeal).

Here, Petsinger's allegations of discriminatory treatment in his employment with

taxpayers resulting from the various proceedings between L & I, OVR and Petsinger related to his termination from employment, workers' compensation award, and subsequent application for OVR rehabilitation services.

**6.** A writ of mandamus is an extraordinary remedy which compels the official performance of a ministerial act or a mandatory duty only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other appropriate or adequate remedy. *McGill v. Dep't of Health, Office of Drug & Alcohol Programs,* 758 A.2d 268 (Pa.Cmwlth.2000). "Thus, in an action involving an administrative agency's exercise of discretion, the court may only direct the agency to perform the discretionary act and may not direct the agency to exercise its judgment or discretion in a particular way or direct the retraction or reversal of action already taken." *Id.* at 270. "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Id.*

**7.** Added by the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a.

OVR, his termination from employment, the Commission action on Petsinger's attorney's request to withdraw his appeal after his termination, and his request to be returned to a classified service position, are all matters that were, or should have been, brought before the Commission in the form of appeals. For example, in a 1999 memorandum decision affirming the Commission's order denying Petsinger's request for a hearing on L & I's refusal to reinstate him, this Court noted Petsinger did not challenge L & I's removal of him for cause. *Petsinger v. State Civil Serv. Comm'n (Dep't of Labor & Indus., Bureau of Pers. & Dep't of Labor & Indus., Bureau of Vocational Rehab.),* (Pa. Cmwlth, No. 3346 C.D. 1997, filed January 7, 1999). Also, in a 2001 memorandum decision, we affirmed the Commission's order granting L & I's request to remove Petsinger's name from the vocational rehabilitation counselor eligible lists due to Petsinger's mailing and faxing of threatening and obscene materials to L & I and OVR offices. See *Petsinger v. State Civil Serv. Comm'n,* (Pa. Cmwlth., No. 901 C.D. 2001, filed September 12, 2001).

Consequently, we conclude the Civil Service Act provided Petsinger with adequate statutory and administrative remedies to seek redress for OVR's alleged discriminatory treatment in his employment, his termination from that employment and his request to be reinstated or returned to his former civil service position. Therefore, Petsinger is barred from raising these issues by petition for mandamus. *Mueller; Holly.*

### b. Federal and PA Rehab Acts

■ The federal Rehab Act, at 29 U.S.C. § 722(c), regulations promulgated thereunder at 34 C.F.R. § 361.57(a)-(k), and Section 13 of the PA Rehab Act, 43 P.S. § 682.13, provide review procedures for individuals dissatisfied with any OVR determination that affects the provision of vocational rehabilitation services. *See Petsinger v. Office of Vocational Rehab.,* 686 A.2d 915 (Pa.Cmwlth.1996) (the federal and state rehabilitation acts both give an OVR client the right to appeal a determination of a rehabilitation counselor as to the services provided, and to receive a fair hearing); *Dep't of Labor & Indus., Office of Vocational Rehab. v. Pa. Human Relations Comm'n (Lexie),* 118 Pa.Cmwlth.163, 545 A.2d 412 (1988) (individuals who disagree with OVR's eligibility determinations, for any reason, have a remedy in the fair hearing procedures mandated by federal law and provided by state law).

In particular, Section 13 of the PA Rehab Act provides, "Any individual who is applying for or receiving vocational rehabilitation and who is aggrieved by any action or inaction of any officer or agent of the office shall be entitled to a fair hearing in accordance with the [federal Rehab Act]." 43 P.S. § 682.13. An individual dissatisfied with the adjudication rendered through the hearing process may then seek an impartial review of that decision. 29 U.S.C. § 722(c)(5)(E). An individual may then seek judicial review of the reviewing official's decision in a state court of competent jurisdiction or a federal district court of competent jurisdiction. 29 U.S.C. § 722(c)(5)(J).

As further indicated by our reported decision in *Petsinger,* Petsinger is no stranger to OVR client appeal procedures.[8] In *Petsinger,* we affirmed a final decision

---

8. OVR attached to its preliminary objections the decisions of OVR's hearing officers and reviewing officials denying Petsinger's four most recent administrative appeals. These were attached to further support OVR's claim that Petsinger is no stranger to OVR client

of OVR's Director denying Petsinger's appeal of the alleged denial of vocational rehabilitation services by OVR. Additionally, Petsinger's petition alleges he appealed OVR's most recent closure of his case, ironically after Petsinger himself asked his vocational counselor to close the case.[9] *See* Pet. for Review at ¶¶ 63–67. Based on our review of the federal Rehab Act and PA Rehab Act, we conclude these statutes and the associated regulations provide adequate statutory remedies for an OVR client aggrieved by any OVR action or inaction. *Petsinger; Lexie.*

For the above reasons, we hold the Civil Service Act, the federal Rehab Act, and the PA Rehab Act provided Petsinger with adequate statutory and administrative remedies to seek redress for OVR's alleged discriminatory treatment in his employment, his termination from that employment, his request to be reinstated or returned to his former civil service position, as well as OVR's denial of his repeated requests to reopen his application for vocational rehabilitation services. Therefore, Petsinger is barred from raising these issues by petition for mandamus. *Mueller; Holly.*

### 2. Clear Right to Relief; Corresponding Legal Duty

■ OVR next contends Petsinger's petition fails to state a cause of action in mandamus because it does not allege a clear right to relief or a corresponding duty on the part of L & I or OVR to provide the relief he seeks. *See Equitable Gas Co. v. City of Pittsburgh,* 507 Pa. 53, 488 A.2d 270 (1985) (mandamus will not issue unless the right of the plaintiff is clear and specific; it can never be invoked in a doubtful case; where doubt as to the plaintiff's right or the defendant's duty exists, mandamus is neither appropriate nor available). To succeed in mandamus, the plaintiff must show an immediate, specific, well-defined and complete legal right to the relief demanded. *Id.* The purpose of mandamus is not to establish legal rights, it is only appropriate to enforce those rights already clearly established. *McGill v. Dep't of Health, Office of Drug & Alcohol Programs,* 758 A.2d 268 (Pa. Cmwlth.2000).

Here, OVR asserts, Petsinger fails to plead a clear right to the relief he is seeking. He cites no statutory rights or any adjudication requiring his reinstatement. At best, Petsinger bases his claim on an alleged policy or instructions from an OVR Assistant District Administrator:

80. As an employee, [Petsinger] was instructed by Don Krentzman, now OVR Assistant District Administrator, that OVR counselors are permitted/required to contact the former employers of

---

appeal procedures, and he invoked them on numerous occasions. However, our focus is on the well-pled averments of the petition, not on additional material submitted by another party. Therefore, we decline to consider the attached decisions.

9. In fact, this Court treated Petsinger's initial filing in this matter, titled, "Petition for Writ of Mandamus," as an appeal of the February 20, 2009 order of OVR's reviewing official dismissing Petsinger's appeal following the closure of his case. This Court directed OVR to certify the record. Petsinger then filed an application for relief under Pa. R.A.P. 123 advising that the Court mistakenly listed his petition for writ of mandamus as an appeal. Petsinger's application for relief further stated that the matter before the Court was never meant to be an appeal. The Court granted Petsinger's application, transferred the case to its original jurisdiction, and directed Petsinger to file an amended petition for review containing a proper jurisdictional statement, a general statement of material facts, a short statement of the relief sought, a notice to plead and verification.

workers injured on the job to request the employer's 'reasonable accommodation' to return workers to employment in an environment that does not cause further injury.

\* \* \*

84. [OVR] would be required to approach any other applicant's former employer to request 'reasonable accommodation' from the former employer as a way to return the injured employee to 'suitable substantial gainful employment.'

Pet. for Review at ¶¶ 80, 84.

First, OVR asserts, internal agency policies and directives which are not based on the authority of the Constitution, statute or regulation do not create legal rights enforceable by mandamus. *See Sever v. Dep't of Envt'l Res.,* 100 Pa.Cmwlth. 217, 514 A.2d 656 (1986) (executive orders or management directives which communicate to subordinate officials requested or suggested directions for the execution of duties of the Executive Branch of Government, but do not implement or supplement the Constitution or statutes, do not create legally enforceable rights). Here, Petsinger cites no statutory or legal authority requiring OVR to request employers to return discharged employees receiving workers' compensation to work. OVR insists there is none.

Second, OVR asserts, Petsinger's petition fails to establish that this alleged policy extends to civil service employees terminated for cause. Commission regulations define "reinstatement" as applying to a "former employee who resigned or otherwise left in good standing." 4 Pa. Code § 91.3. Thus, application of the alleged internal OVR policy requiring rehabilitation counselors to seek a "reasonable accommodation" to return civil service employees terminated for cause to a classified position would violate the examination and selection procedures in Sections 502 and 602 of the Civil Service Act; 71 P.S. §§ 741.502, 741.602.

Third, OVR asserts, the 1997 workers' compensation decision finding Petsinger totally disabled by a psychological injury due to abnormal working conditions at OVR has no retroactive collateral estoppel effect on Petsinger's 1988 termination. *See Bassett v. Civil Serv. Comm'n,* 100 Pa.Cmwlth. 356, 514 A.2d 984 (1986) (Court refused to give a workers' compensation decision retroactive collateral estoppel effect to earlier civil service proceedings now on appeal). OVR further asserts a workers' compensation award does not prevent an employer from discharging an injured employee for bad faith or misconduct, and the employer may even obtain a suspension in such cases. *Coyne v. Workers' Comp. Appeal Bd. (Villanova Univ.),* 942 A.2d 939 (Pa.Cmwlth.), *appeal denied,* 599 Pa. 683, 960 A.2d 457 (2008).

Fourth, OVR asserts, although Petsinger generally references the federal Rehab Act as a source of rights, he fails to direct the Court to any specific statutory or regulatory provision requiring state vocational rehabilitation agencies to request discharged employees receiving workers' compensation be returned to work. Petsinger also fails to allege any specific vocational rehabilitation services to which he has a clear right. *See* 34 C.F.R. § 361.48 (list of numerous vocational rehabilitation services available under the federal Rehab Act).

Fifth, OVR asserts, an action in mandamus cannot stand where it will prove futile or ineffectual due to the defendant's inability to perform it. *Bd. of Comm'rs of Potter County v. Turner,* 33 Pa.Cmwlth. 639, 382 A.2d 1248 (1978). Here, Petsinger seeks only that OVR request a reasonable accommodation to return him to his former employment. Nothing in state or federal

law empowers OVR to compel employers to reinstate former employees. Therefore, L & I could simply say "no" to such a request.

■ We agree with OVR that Petsinger fails to allege a clear right to the relief he seeks or a corresponding duty on the part of either L & I or OVR to provide it. Petsinger cites no statute, regulation or adjudication requiring OVR to request a "reasonable accommodation" from L & I to return him to his former position. L & I removed Petsinger from his civil service position in 1988 for cause. Petsinger withdrew his civil service appeal from that action, and it became final. Therefore, Petsinger has no right to reinstatement under the Civil Service Act. In addition, Petsinger's 1997 workers' compensation award for a psychological injury has no retroactive estoppel effect on the Department's 1988 termination action. *Bassett.* Finally, mandamus is unavailable where it would be futile or ineffectual. *Turner.* Petsinger seeks only that OVR request an accommodation to return him to work. L & I could simply refuse it.

Because Petsinger fails to assert either a clear right to relief or a corresponding duty on the part of L & I or OVR to provide the relief he seeks, Petsinger's petition fails to state a cause of action in mandamus. *Equitable Gas; McGill.*

### 3. Statute of Limitations

■ OVR further contends mandamus will not lie where the relief sought is barred by a statute of limitations. *See Twp. of Bensalem v. Moore,* 152 Pa. Cmwlth. 540, 620 A.2d 76 (1993) (six-month limitation of actions in 42 Pa.C.S. § 5522(b)(1) applied to mandamus action by terminated officer seeking to compel the municipality to comply with the Police Tenure Act).[10] Although the statute of limitations is to be pled as new matter, it may be raised in preliminary objections where the defense is clear on the face of the pleadings and the responding party does not file preliminary objections to the preliminary objections. *Davis v. Commonwealth,* 660 A.2d 157 (Pa.Cmwlth. 1995).

■ Here, pursuant to Section 951(a) of the Civil Service Act, Petsinger had 20 days to appeal his termination. 71 P.S. § 741.951(a). This appeal period is jurisdictional. *Dep't of Educ., Scranton State Sch. for the Deaf v. Maskaly,* 123 Pa. Cmwlth. 272, 554 A.2d 146 (1989). Thus, OVR asserts, to the extent Petsinger seeks correction of L & I's decision to terminate him, it is barred by the 20–day limitation period. OVR further asserts that Petsinger's March 13, 2009 petition, filed more than 21 years after his March 3, 1988 termination, is barred by the limitations governing every other conceivable action. *See* 42 Pa.C.S. § 5530(a) (Pennsylvania's longest actual statute of limitations is 21 years for adverse possession and actions on ground rent).

OVR further asserts any discrimination claim exceeds the 180–day filing period in Section 959(h) of the Pennsylvania Human Relations Act[11] and the 180/300–day filing periods for discrimination claims under federal law. *See* 29 U.S.C. § 626(d); 42 U.S.C. § 2000e–5; 42 U.S.C. § 12117. Petsinger's petition also exceeds the two-year statute of limitations applied in Pennsylvania for bringing actions under 42 U.S.C. § 1983. *Fleming v. Rockwell,* 93 Pa.Cmwlth. 91, 500 A.2d 517 (1985).

Because Petsinger filed his petition well beyond the applicable filing periods for a

---

10. Act of June 2, 1951, P.L. 586, *as amended,* 53 P.S. §§ 811–16.

11. Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. § 959(h).

civil service appeal, a discrimination claim or a civil rights action, Petsinger may not resort to mandamus to advance these claims. *Moore.*

### 4. Conclusion

Summarizing, Petsinger's petition fails to state a cause of action in mandamus for several reasons. First, the Civil Service Act, the federal Rehab Act and the PA Rehab Act provide Petsinger with adequate statutory and administrative remedies to seek review of OVR's alleged discriminatory treatment of him in his employment, his termination from that employment, his request to be reinstated or returned to his former civil service position, as well as OVR's denial of his repeated requests for vocational rehabilitation services. Therefore, Petsinger is barred from raising these issues in a mandamus action. *Mueller; Holly.*

Second, Petsinger's mandamus action also fails because he asserts no clear enforceable right to reinstatement of former employment or to receive vocational rehabilitation services, or any corresponding duty on behalf of L & I or OVR to reinstate him or provide vocational rehabilitation services. *Equitable Gas.* Pursuant to the Civil Service Act, employees terminated for cause cannot be reinstated; rather, they must be competitively selected.

Further, mandamus will not lie where the relief sought is barred by a statute of limitations. *Moore.* Here, all relief sought by Petsinger is barred by the applicable statutes of limitation.

There is no reason to believe any of these issues can be cured by repleading, and Petsinger does not request an opportunity to do so. For all these reasons, we sustain OVR's demurrer on the basis that Petsinger's petition fails to state a cause of action for mandamus. *Equitable Gas.* We therefore dismiss Petsinger's petition for review.

### B. Remaining Objections

We note OVR raises additional preliminary objections. By demurrer, OVR contends Petsinger lacks standing. Pursuant to Pa. R.C.P. No. 1028(3), OVR alleges insufficiency of the pleadings (Petsinger fails to adequately identify what reasonable accommodations OVR is supposed to request on his behalf or describe the vocational rehabilitation services to which he is clearly entitled). Pursuant to Pa. R.C.P. No. 1028(3), OVR alleges Petsinger's petition fails to conform to law or rule of court because it is not verified as required by Pa. R.A.P. 1513(c). Finally, pursuant to Pa. R.C.P. No. 1028(2), OVR alleges Petsinger's petition contains extensive scandalous or impertinent matter.

All these preliminary objections are meritorious. However, there is reason to believe the lapses might be cured by repleading. Regardless, because the petition will be dismissed for the reasons stated above, no repleading will occur. Therefore, further discussion of these preliminary objections is not needed.

Judge BUTLER did not participate in the decision in this case.

### ORDER

**AND NOW,** this 21st day of January, 2010, the preliminary objections of the Respondent Department of Labor and Industry, Office of Vocational Rehabilitation, in the nature of a demurrer to Petitioner Petsinger's mandamus action, including the objection that Petitioner Petsinger failed to exercise or exhaust statutory and administrative remedies, are **SUS-**

**TAINED,** and Petitioner Petsinger's petition for review is **DISMISSED.**