# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul J. Begnoche, Sr.,      :
     Petitioner    :
           :
   v.        :
           :
Janet Molner, Business Manager  :
DOC/SCI-Mercer; Patti A. Sites, Clerk :
of Court Dauphin Co.; Melinda Adams, :
Facility Manager DOC/SCI-Mercer; :
Theron R. Perez, Chief Counsel's  :
Office Pa. DOC; Laurel R. Harry,  :
Secretary of Pa. Department of   :
Corrections; Western-Middle-Eastern :
Districts,        : No. 257 M.D. 2023
     Respondents  : Submitted: August 8, 2025

BEFORE: HONORABLE ANNE E. COVEY, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED: September 25, 2025

   Before this Court are the Pennsylvania Department of Corrections (DOC)/State Correctional Institution (SCI)-Mercer's Business Manager Janet Molner's, DOC/SCI-Mercer's Facility Manager Melinda Adams's, DOC's Chief Counsel's Office Theron R. Perez's, and Secretary of DOC's Western-Middle-Eastern Districts Laurel R. Harry's (collectively, DOC Respondents)[1] preliminary

---

[1] DOC Respondents do not include Respondent Patti A. Sites (Sites), Clerk of Courts Dauphin County. *See* DOC Respondents' Br. at 4 n.1. Sites has not filed preliminary objections or otherwise responded to Paul J. Begnoche, Sr.'s pro se Petition for Review.

objections (Preliminary Objections) to Paul J. Begnoche, Sr.'s (Petitioner) pro se Petition for Review (Petition).[2]  After review, this Court sustains the Preliminary Objections and dismisses the Petition as to DOC Respondents.

On December 5, 2011, the Dauphin County Common Pleas Court (Dauphin County Court) sentenced Petitioner to a period of incarceration.  *See* Petition ¶ 1.  He is currently incarcerated at SCI-Mercer.[3]  *See* Petition ¶ 2.  In approximately January of 2012, DOC Respondents began deducting 20% of Petitioner's inmate account funds to satisfy his financial obligations pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5) (commonly referred to as Act 84) and DC-ADM 005 (entitled Collection of Inmate Debts).[4]  *See* Petition ¶¶ 3-6, 13-15, 19.  Effective January 15, 2020, DOC Respondents began deducting 25% of Petitioner's inmate account funds, including those provided by friends and family, and sending it to the Dauphin County Clerk of Courts rather than the Dauphin County probation office.  *See* Petition ¶¶ 3, 5, 12, 17-18, 23.  DOC Respondents did not first conduct a pre-deprivation hearing or otherwise determine Petitioner's ability to pay his debts and court-imposed obligations during his incarceration pursuant to Section 9730(b) of the Sentencing Code, 42 Pa.C.S. § 9730(b), nor did they consider whether he could enter into an appropriate installment

---

[2] Petitioner initiated this matter by filing a Petition-Motion for Injunctive Relief/Order of Injunction/Restraining Order to Enjoin Defendants From Illegally-Unlawfully Collecting-Deducting and/or Garnishing from Petitioner's Private-Personal Inmate/Inmate General Welfare Fund Account for a Collection Fee . . . Pursuant to the Collection of Fines, Court Costs, and Any Restitution Involving Petitioner's Criminal Case Until [Respondents] First Obtain the Personal Approval by the President Judge of the Sentencing County which, by June 7, 2023 Order, this Court declared would be treated as a Petition for Review addressed to this Court's original jurisdiction. *See* June 7, 2023 Order.

[3] https://inmatelocator.cor.pa.gov/#/Result (last visited Sept. 24, 2025).

[4] https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/005%20Collection%20of%20Inmate%20Debts.pdf (last visited Sept. 24, 2025).

payment plan. *See* Petition ¶¶ 7-9, 11, 16, 20. DOC Respondents' 25% deduction from his inmate account has created a hardship and/or will continue to be a financial burden during Petitioner's incarceration that he cannot afford. *See* Petition ¶ 10. DOC Respondents have not provided him a receipt from the Dauphin County probation office. *See* Petition ¶¶ 24-25.

On May 25, 2023, Petitioner filed the Petition in this Court's original jurisdiction seeking an injunction to stop DOC Respondents and Respondent Dauphin County Clerk of Courts Patti A. Sites (Sites) (collectively, Respondents), from allegedly unlawfully taking his property in violation of his due process rights and recredit all funds to his inmate account. *See* Petition ¶¶ 14, 18, 21-22, 26. Petitioner specifically alleges that: Respondents' deductions are unlawful because they are based on a stale sentencing order and Respondents did not first determine his ability to pay his financial obligations, *see* Petition ¶¶ 6-11, 13, 16, 19-20; Respondents should have forwarded the collected funds to the Dauphin County probation office, rather than the Dauphin County clerk of courts, *see* Petition ¶¶ 12-13, 24-25; DOC Respondents cannot deduct court costs from wages and gifts from friends and family in his inmate account, *see* Petition ¶ 23; and DOC Respondents increased deductions from 20% to 25% without the authority to do so. *See* Petition ¶¶ 5, 23. That same day, Petitioner filed an application to proceed *in forma pauperis*, which this Court granted on June 7, 2023.[5]

---

[5] On October 30, 2023, Petitioner filed a Motion for Interlocutory-Preliminary Injunction, which this Court dismissed on November 7, 2023, because Petitioner failed to serve the Petition on DOC Respondents and Sites. By November 30, 2023 Order, this Court granted Petitioner's request for an extension of time to serve the Petition. Petitioner served the Petition on Sites and DOC Respondents on December 21, 2023.

On December 4, 2023, Petitioner filed a Motion to Supplement an Additional Respondent/Defendant, Dauphin County Court Judge Richard A. Lewis (Motion to Supplement).

On January 23, 2024, DOC Respondents filed the Preliminary Objections, arguing that Petitioner's claims regarding the Act 84 deductions are barred by the applicable statute of limitations, and the Petition failed to state any legal grounds upon which Petitioner may be granted relief related to the deductions (demurrer). On February 12, 2024, Petitioner filed his answer opposing the Preliminary Objections. On February 26, 2024, this Court directed DOC Respondents to file their brief supporting the Preliminary Objections by March 27, 2024, and Petitioner to file his brief opposing the Preliminary Objections by April 26, 2024. DOC Respondents filed their brief on March 19, 2024. Because Petitioner failed to timely file his brief, on May 31, 2024, this Court ordered Petitioner to do so by June 14, 2024. Petitioner filed his brief on June 6, 2024.[6] The Preliminary Objections are now ripe for this Court's disposition.

On January 12, 2024, Petitioner filed a Prayer for Relief, seeking to have this Court remand this matter to the Dauphin County Court to vacate his conviction. This Court denied the Prayer for Relief on March 15, 2024, stating that an action challenging deductions from his inmate account in this Court's original jurisdiction is not the manner to obtain the relief Petitioner requested.

On February 5, 2024, Petitioner filed an Objection to Unlawful Service in Violation of Pennsylvania Rules of Appellate Procedure (Rule) 1514-121(a), Pa.R.A.P. 1514-121(a) (Unlawful Service Objection), asking this Court to direct Respondents to serve him directly at SCI-Mercer, rather than through his Smart Communications address. On February 23, 2024, this Court denied Petitioner's Unlawful Service Objection, and denied his Motion to Supplement because Petitioner may not challenge the validity of his sentence in the context of the present civil action challenging deductions from his inmate account.

[6] On November 4, 2024, Petitioner filed an Application for Rule 1532(a)[(9)] Interim Relief and/or Application for Rule 1532(b) Summary Relief (Application), asking this Court to immediately grant him a peremptory mandamus, a preliminary injunction, and/or summary relief in order to end Respondents' alleged theft by unlawful taking. On December 20, 2024, this Court denied the Application because Petitioner did not assert or establish that his right to relief is clear and that no material issues of fact are in dispute, and Petitioner failed to address the preliminary injunction factors. On January 13, 2025, Petitioner filed a request for reconsideration, which this Court denied on February 3, 2025. On March 11, 2025, Petitioner filed an Application for Reargument En Banc related to this Court's February 3, 2025 Order denying the Application. By

Initially, Act 84 authorizes DOC to make monetary deductions for "the purpose of collecting restitution . . . and any other court-ordered obligation[,]" 42 Pa.C.S. § 9728(b)(5)(i), and sets forth the procedure for DOC to collect fines and court costs for which a previous court order made an inmate liable. Section 9728(b) of Act 84 specifies, in relevant part:

> (3) **The county clerk of courts shall**, **upon sentencing**, pretrial disposition[,] or other order, **transmit** to the Department of Probation of the respective county or other agent designated by the county commissioners of the county with the approval of the president judge of the county and to the county correctional facility to which the offender has been sentenced or **to [DOC]**, whichever is appropriate, **copies of all orders for restitution** and amendments or alterations thereto, **reparation**, **fees**, **costs**, **fines**[,] **and penalties**. This paragraph also applies in the case of costs imposed under [S]ection 9721(c.1) [of the Sentencing Code, 42 Pa.C.S. § 9721(c.1)] (relating to sentencing generally).
>
> . . . .
>
> (5) Deductions shall be as follows:
>
>> (i) [**DOC**] **shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts** for the purpose of collecting restitution, costs imposed under [S]ection 9721(c.1) [of the Sentencing Code], filing fees to be collected under [S]ection 6602(c) [of the Prison Litigation Reform Act, 42 Pa.C.S. § 6602(c)] (relating to prisoner filing fees) and any other court-ordered obligation.

42 Pa.C.S. § 9728(b) (emphasis added).

---

September 18, 2025 letter, this Court returned the Application for Reargument En Banc to Petitioner, explaining that this Court cannot consider second or subsequent applications for reconsideration.

DOC Respondents first argue that the statute of limitations bars Petitioner's claims. Specifically, DOC Respondents assert that the statute of limitations to challenge Act 84 deductions is 2 years, and Petitioner first challenged the deductions more than 10 years after they began in January 2012, and more than 2 years after the deduction percentages increased in January 2020.[7]

"[S]tatutes of limitations are rules of law that set time limits for bringing legal claims." *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 993-94 (Pa. 2020). This Court has ruled that an "action for return of [] inmate account monies against [DOC respondents] and [a c]ounty [c]lerk of [c]ourts is subject to a two-year statute of limitations." *Morgalo v. Gorniak*, 134 A.3d 1139, 1149 (Pa. Cmwlth. 2016).

> In the instant case, [Petitioner] specifically pled that [DOC Respondents] began making the deductions from his account [in January 2012]. Applying the two-year statute of limitations, [Petitioner's] action had to be filed with this Court on or before [January 2014,] in order to be timely. Because [Petitioner] did not file his Petition with this Court until [May 25, 2023], his [claim] exceeded the applicable statute of limitations by [more than nine] years.

*Id*. at 1149-50 (footnote omitted). Petitioner's claim regarding the increased deduction that DOC Respondents began making from his inmate account on January 15, 2020, "had to be filed with this Court on or before [January 15, 2022,] in order to be timely. Because [Petitioner] did not file his Petition with this Court until [May 25, 2023], [that claim] exceeded the applicable statute of limitations by [more than]

---

[7] "Although the statute of limitations is to be pled as new matter, it may be raised in preliminary objections where[, as in this case,] the defense is clear on the face of the pleadings and [Petitioner did] not file preliminary objections to the preliminary objections." *Laskaris v. Hice*, 247 A.3d 87, 89 n.3 (Pa. Cmwlth. 2021) (quoting *Petsinger v. Dep't of Lab. & Indus., Off. of Vocational Rehab.*, 988 A.2d 748, 758 (Pa. Cmwlth. 2010)).

6

three years." *Id.* Since the applicable statute of limitations bars Petitioner's claims against DOC Respondents, this Court sustains DOC Respondents' first Preliminary Objection and dismisses the Petition as to DOC Respondents.[8]

Based on the foregoing, DOC Respondents' first Preliminary Objection is sustained, and the Petition is dismissed as to DOC Respondents. Because "the Clerk of Courts of the Court of Common Pleas of [Dauphin] County 'is considered to be the Commonwealth government as a Commonwealth officer[,]' . . . the Commonwealth Court [continues to have] jurisdiction" over Sites, *Richardson v. Peters*, 19 A.3d 1047, 1048 (Pa. 2011) (quoting *In re Admin. Ord. No. 1-MD-2003*, 936 A.2d 1, 7 (Pa. 2007)), and Sites is directed to file a responsive pleading to the Petition.

_____
ANNE E. COVEY, Judge

---

[8] In light of this Court's ruling that the applicable statute of limitations bars Petitioner's claims, which is dispositive, this Court need not address DOC Respondents' demurrer.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul J. Begnoche, Sr., :
              Petitioner :
               :
         v. :
               :
Janet Molner, Business Manager :
DOC/SCI-Mercer; Patti A. Sites, Clerk :
of Court Dauphin Co.; Melinda Adams, :
Facility Manager DOC/SCI-Mercer; :
Theron R. Perez, Chief Counsel's :
Office Pa. DOC; Laurel R. Harry, :
Secretary of Pa. Department of :
Corrections; Western-Middle-Eastern :
Districts, : No. 257 M.D. 2023
            Respondents :

## O R D E R

AND NOW, this 25th day of September, 2025, the Pennsylvania Department of Corrections (DOC)/State Correctional Institution (SCI)-Mercer's Business Manager Janet Molner's, DOC/SCI-Mercer's Facility Manager Melinda Adams's, DOC's Chief Counsel's Office Theron R. Perez's, and Secretary of DOC's Western-Middle-Eastern Districts Laurel R. Harry's (collectively, DOC Respondents) first preliminary objection to Paul J. Begnoche, Sr.'s Petition for Review (Petition) is SUSTAINED. The Petition is DISMISSED as to DOC Respondents only.

Respondent Dauphin County Clerk of Courts Patti A. Sites is directed to file a responsive pleading to the Petition within 30 days of the date of this Order.

_____
ANNE E. COVEY, Judge