IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Bruce Williams Jr.,   :
     Appellant   :
            :
    v.       : No. 1006 C.D. 2015
            : Submitted: November 20, 2015
Det. Sgt. Edward Spagel, Roger M. :
Bauer (ADA), Chief of Police,  :
Judge Paul Urbaniak, Mayor of  :
City of Erie, Jack Daneri (DA),  :
Erin C. Connelly, (ADA)   :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
    HONORABLE MARY HANNAH LEAVITT, Judge[1]
    HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT        FILED: March 4, 2016

   Michael Bruce Williams Jr., *pro se*, appeals an order of the Erie County Court of Common Pleas (trial court) that sustained the preliminary objections of Magisterial District Judge Paul Urbaniak, the Chief of Police, the Mayor of the City of Erie, and employees of the District Attorney's office (collectively, Defendants) and dismissed Williams' false arrest complaint. Williams contends that the trial court erred because his complaint stated, *inter alia*, a viable civil rights action against Defendants. For the reasons that follow, we affirm.

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

On June 9, 2014, Williams initiated a civil action against Defendants alleging defamation, false arrest, false imprisonment, malicious prosecution, legal malpractice, violations of the Pennsylvania Rules of Criminal Procedure, and violations of his Fifth, Eighth, and Fourteenth Amendment rights. The events that gave rise to these claims stem from Williams' arrest for attempted homicide, aggravated assault, recklessly endangering another person, robbery, theft, receiving stolen property, tampering with physical evidence, aggravated indecent assault, and rape. In support of his claims, Williams' complaint averred the following facts.

On June 17, 2012, "the Erie Bureau of Police unlawfully arrested [Williams] in the cases of attempted murder/aggravated assault [docket] number DM 2733 of 2012 which was dismissed by *nolle prosse*." Complaint, ¶1. The police did so without a warrant for his arrest. *Id*. The police did not file affidavits within 48 hours of Williams' arrest that would have provided "testimony under oath to establish probable cause for the arrest." *Id*. Further, Detective Edward Spagel made "false statements … in the body of the police criminal complaint." Complaint, ¶4. Sometime after Williams' arrest, "the Erie Bureau Police Department did make false statements about [Williams] to Judge Tom Carney [sic], the District Attorney['s] office and the Erie Times Newspaper." Complaint, ¶2. These false statements "affected [his] good reputation with family and friends." *Id*. Williams seeks damages of $1.4 million.

On February 6 and 13, 2015, Defendants filed preliminary objections. In their preliminary objections, Defendants argued, *inter alia*, that Williams' complaint should be dismissed because it did not plead facts sufficient to establish any claim for relief.

On March 6, 2015, the trial court sustained Defendants' preliminary objections in the nature of a demurrer. Williams filed a Notice of Appeal with the Superior Court on March 19, 2015, and a Statement of Errors Complained of on Appeal on April 15, 2015. Williams raised the following assignments of error:

1. That [Williams'] Civil Complaint was dismissed and [Defendants'] Preliminary Objection was Granted.

2. The District Court granted the Defendant[s'] Attorney Preliminary Objection on March 6, 2015.

3. The District Court didn't take in consideration that the Uniteded States Constitutional Admendment's was violated, The Pennsylvania Constitution Amendment's was violated, That [Williams'] Civil Claim is within Legal and Factual basis, the Sta[t]ute's and the law of the State Of Pennsylvania was violated, The Pennsylvania Rules of Misconduct 8.4 was violated, the Pennsylvania Rules of Criminal Procedure was violated by the Defendant's.

4. The District Court didn't take into consideration that the Preliminary Objection was it a possibility is frivolous and have no merit.

5. The District Court didn't give [Williams] the opportunity to respond to all of the Defendants' Attorney Preliminary Objection which is Allow by the Pennsylvania Rule of Civil Procedure. Before granting the Defendant's Attorney Preliminary Objection's and dismissing [Williams'] Civil Complaint.

6. The District Court didn't give [Williams] an opportunity to proven his Civil Complaint has Factual and legal basis against the Defendant's.

7. That the Defendant's did violated [Williams'] rights as describe which can be proven to be with Factual and legal basis.

8. [Omitted]

3

9.  The District Court have shown that they are with bias, Conflict of Interest, Discrimination against [Williams].

10. The District Court is in violation of the Rules of Pennsylvania of Professional Conduct, and the Rules Of Pennsylvania Civil Procedure.

11. The 5th, 14th 8 Admendment of the United States Constitution was violated, The Incorporation Doctrine Of the United State's Constitution was violated, The Rule of Pennsylvania Criminal Procedure which is 540, 502, 508, 513, and etc. where violated by the Defendant.

12. The Pennsylvania Rules Of Misconduct 8.4 was violated by the Defendant's.

Statement of Errors Complained of on Appeal, 4/15/2015 (mistakes in original).

On May 15, 2015, the trial court filed an opinion in accordance with Pa. R.A.P. 1925(a), explaining why it sustained Defendants' preliminary objections. The trial court wrote:

> [Williams] fails to cite any facts, any part of the record, or any case law in support of his broad allegations. The errors claimed by [Williams] are so general and ambiguous that the [trial court] is prevented from adequately addressing [Williams'] claims. It is unclear whether the [trial court] or [Defendants] were the cause of the errors set forth in [Williams'] Concise Statement. [Williams] claims violations of vast bodies of law, such as the Pennsylvania Constitution and the Pennsylvania Rules of Professional Conduct, without identifying the parts that were violated or setting forth facts to support the claims. In some cases, [Williams] simply claims "Defendant's did violated (*sic*) [Williams'] rights" without specifying further.
>
> Although a thorough examination of the record has been required to decipher [Williams'] Concise Statement, the onus is on the appealing party, not the [trial court] to "comb through the facts in support of a claim and develop arguments on Appellant's behalf." *Commonwealth v. Samuel*, 102 A.3d 1001 (Pa. Super. 2014).

4

1925(a) Opinion at 3-4. The Superior Court transferred the matter to this Court on June 27, 2015.

On appeal,[2] Williams contends that the trial court erred. According to Williams, he pleaded cognizable claims against Defendants for defamation, malicious prosecution, false arrest, false imprisonment, legal malpractice, violations of the Pennsylvania Rules of Criminal Procedure, judicial misconduct, violations of the Pennsylvania Rules of Professional Conduct, and violations of the Fifth, Eighth and Fourteenth Amendments. Defendants disagree. They argue, *inter alia*, that Williams did not plead sufficient facts in his complaint that, even if true, could have established a clear right to relief. We agree.

Pennsylvania requires fact-pleading, which means that the complaint must set forth the "facts essential to support the claim." *Richardson v. Wetzel*, 74 A.3d 353, 356-57 (Pa. Cmwlth. 2013) (citation omitted). When considering preliminary objections, this Court must accept "[a]ll well-pled facts in the complaint, and reasonable inferences arising from those facts, … as true." *Id.* at 356 (quoting *Wilson v. Marrow*, 917 A.2d 357, 361 n.3 (Pa. Cmwlth. 2007)). A fact is "well-pled" when it is "sufficiently specific so that the defending party will know how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharmaceuticals Products, Inc.*, 868 A.2d 624, 635 (Pa. Cmwlth. 2005). As such, a preliminary objection in the nature of a demurrer is sustained only when it is clear and free from doubt that the law will not permit recovery under the facts

---

[2] This Court must affirm an order sustaining a preliminary objection in the nature of a demurrer when it is clear and free from doubt that the law will not permit recovery under the facts alleged. *Petsinger v. Department of Labor and Industry*, 988 A.2d 748, 753 n. 1 (Pa. Cmwlth. 2010). When considering appeals from preliminary objections, this Court accepts as true all "well-pleaded material facts and any inferences reasonably deduced therefrom." *Richardson v. Department of Corrections*, 991 A.2d 394, 395 (Pa. Cmwlth. 2010).

5

alleged. *Petsinger v. Department of Labor and Industry*, 988 A.2d 748, 753 n.1 (Pa. Cmwlth. 2010).

Williams has not alleged facts with sufficient specificity to show that he is entitled to relief. For instance, to establish a claim for malicious prosecution, a complainant must establish that the defendant (1) instituted criminal proceedings against the complainant, (2) without probable cause, (3) with malice, and (4) the proceedings were terminated in the complainant's favor. *Manley v. Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Cmwlth. 2010). Here, Williams has pled merely that criminal proceedings have been instituted against him by an arrest. Williams has not set forth any facts which, even if accepted as true, would demonstrate that charges were filed without probable cause. Moreover, Williams has not provided any factual support, such as an acquittal, that charges were filed against him "with malice." In short, the complaint did not plead sufficient facts to institute a claim for malicious prosecution. This is true for all of Williams' legal claims.

Williams' complaint recites the law and in conclusory fashion accuses Defendants of wrongdoing, but it does not identify the incidents that constituted this wrongdoing. Absent factual allegations to support the asserted legal claims, the pleading is wholly deficient. The trial court did not err in sustaining Defendants' preliminary objections and dismissing Williams' complaint.

For these reasons, the order of the trial court is affirmed.

_____
MARY HANNAH LEAVITT, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Bruce Williams Jr.,  :
     Appellant :
        :
    v.     :  No. 1006 C.D. 2015
        :
Det. Sgt. Edward Spagel, Roger M. :
Bauer (ADA), Chief of Police,  :
Judge Paul Urbaniak, Mayor of  :
City of Erie, Jack Daneri (DA),  :
Erin C. Connelly, (ADA)   :

**O R D E R**

   AND NOW, this 4th day of March, 2016, the order of the Erie County Court of Common Pleas dated March 6, 2015, in the above-captioned matter is hereby AFFIRMED.

         _____
         MARY HANNAH LEAVITT, Judge