# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Public Utility      :
Commission,      :
                 Petitioner      :
     :
          v.      :     No. 491 M.D. 2018
     :     Argued: June 6, 2019
Delaware Valley Regional Economic      :
Development Fund, John Coffman,      :
Lauri A. Kavulich, Thomas Jay Ellis,      :
Gaetano Piccirilli, Albert Mezzaroba,      :
Anthony DiSandro, Roseanne Pauciello, :
Jonathan Ireland, William Martin,      :
Thomas Muldoon (in their official      :
capacity),      :
                 Respondents      :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: June 27, 2019**


## I. INTRODUCTION

Presently before this Court for disposition are the amended preliminary objections filed by Respondents Delaware Valley Regional Economic Development Fund (Fund), John Coffman, Lauri A. Kavulich, Thomas Jay Ellis, Gaetano Piccirilli, Albert Mezzaroba, Anthony DiSandro, Roseanne Pauciello, Jonathan Ireland, William Martin, and Thomas Muldoon (Fund's Officers/Directors)

(collectively, Respondents) to a complaint filed by Petitioner Pennsylvania Public Utility Commission (PUC) in this Court's original jurisdiction (Complaint),[1] and the PUC's preliminary objection to Respondents' amended preliminary objections. For the reasons set forth below, we overrule, in part, sustain, in part, strike, in part, and dismiss as moot, in part, Respondents' amended preliminary objections, sustain, in part, and dismiss as moot, in part, the PUC's preliminary objection to Respondents' amended preliminary objections, and dismiss Count I of the PUC's Complaint.

## II. BACKGROUND

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the complaint and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the complaint. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

---

[1] By memorandum and order dated September 5, 2018, this Court concluded that, notwithstanding its title, the PUC's initiating document entitled "Complaint and Petition to Enforce an Order of the Pennsylvania Public Utility Commission Pursuant to Pa. R.A.P. 3761" constituted a complaint in this Court's original jurisdiction, and, therefore, this Court would not treat the matter as a petition to enforce pursuant to Pa. R.A.P. 3761. Although we previously characterized the PUC's initiating document as a complaint and will refer to it as such throughout this opinion, because the PUC is not the Commonwealth of Pennsylvania, the PUC's initiating document should have been designated as a petition for review filed in this Court's original jurisdiction. As such, Chapter 15 of the Pennsylvania Rules of Appellate Procedure and not the Pennsylvania Rules of Civil Procedure will apply to this action.

With the above standard in mind, we accept as true the following allegations of the Complaint. The Fund is a nonprofit corporation that was incorporated on December 20, 1994, for the stated purpose of, *inter alia*, organizing a group of citizens to promote the betterment, economic development, and national and international tourism and relations of the City of Philadelphia, the region commonly referred to as the "Delaware Valley," the Commonwealth of Pennsylvania, and the State of New Jersey. (Compl. ¶ 18.) In 1998, the Fund received approximately $21 million in funding from PECO Energy Company (PECO) ratepayers pursuant to a settlement order (1998 PECO Restructuring Settlement Order) entered by the PUC in connection with the Electricity Generation Customer Choice and Competition Act[2] and PECO's associated comprehensive Restructuring Plan. (Compl. ¶¶ 19, 21, 23-24, 28.) The 1998 PECO Restructuring Settlement Order required the Fund to use the funding for the issuance of loans and grants for economic development projects that have a job impact in PECO's service territory. (Compl. ¶¶ 19, 29.) In connection with the Fund's receipt of the funding, the PUC directed the Fund to file semi-annual reports, which detailed the Fund's activities and provided applicable statements of account, with the PUC's Bureau of Audits, so that the PUC and the public could monitor the Fund's activities to ensure that the funds were being used prudently and for the purpose for which the funds were intended.[3] (Compl. ¶¶ 30-32.)

---

[2] 66 Pa. C.S. §§ 2801-2815.

[3] The PUC initially required the Fund to file semi-annual reports for two fiscal years, beginning July 1, 1999, but thereafter extended the Fund's semi-annual reporting requirements until such time that the PUC approved any new transmission and distribution rates for PECO. (Compl. ¶¶ 30, 33-35.)

On May 21, 2010, as a result of the PUC's concerns regarding the Fund's lack of activity in issuing loans and grants as required by the 1998 PECO Restructuring Settlement Order and in an attempt to refocus the Fund on its obligations under the 1998 PECO Restructuring Settlement Order, the PUC and the Fund entered into an Agreement (2010 Settlement Agreement), whereby the Fund agreed to, *inter alia*: (1) submit quarterly reports with statements of accounts to the PUC's Bureau of Audits; (2) adhere to the loan and grant guidelines adopted by the Fund; (3) maximize the use of the PECO ratepayers' funds for the purpose set forth in the 1998 PECO Restructuring Settlement Order; and (4) provide the PUC with quarterly documentation of the grants and loans that the Fund awarded. (Compl. ¶¶ 36, 55, 59 and App. B.) As consideration, the PUC agreed to not initiate an action against the Fund for a violation of the 1998 PECO Restructuring Settlement Order and to provide the Fund with reasonable notice and an opportunity to cure any breach of the 2010 Settlement Agreement. (Compl. ¶ 58 and App. B.) The PUC also acknowledged that, as of the date of the 2010 Settlement Agreement, the Fund had complied with the terms and conditions of the 1998 PECO Restructuring Settlement Order. (Compl. ¶ 58 and App. B.)

Based on information provided to the PUC, however, it appears to the PUC that the Fund's "loan and grant activity has steadily diminished and is presently moribund, while its portfolio has grown to 92% of its net assets" and that the Fund's "loans to assets ratio has decreased dramatically and has remained at an unacceptable low level." (Compl. ¶¶ 38-39, 77-78.) In addition, the PUC believes that the Fund does not have an "outreach program to identify and select credible economic projects" or a "marketing program to advertise its economic development purpose," has failed to update its website, and is unknown in the Philadelphia community.

4

(Compl. ¶¶ 40-42.) The Fund has also stopped providing the PUC with information regarding its operations, and, therefore, the PUC is unable to determine whether the Fund is in compliance with the 1998 PECO Restructuring Settlement Order. (Compl. ¶ 43.) In other words, the PUC believes that the Fund has failed to use the PECO ratepayers' funds prudently or for the purpose intended by the 1998 PECO Restructuring Settlement Order. (Compl. ¶ 45.)

On July 16, 2018, the PUC filed its Complaint, setting forth causes of action against Respondents for breach of fiduciary duty and breach of contract. In its breach of fiduciary duty claim (Count I), the PUC alleges that the Fund's Officers/Directors breached the duties of care and loyalty that they owed to the Fund because the Fund has failed to adhere to its legal obligations under the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement to maximize the use of the PECO ratepayers' funds for the issuance of loans and grants for economic development projects that have a job impact in PECO's service territory. In its breach of contract claim (Count II), the PUC alleges that the Fund breached the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement by: (1) altogether ceasing to provide grants for economic development projects that have a job impact in PECO's service territory; (2) providing very few, if any, loans for economic development projects that have a job impact in PECO's service territory; (3) failing to provide the PUC with the documentation necessary for the PUC to determine whether the Fund has been utilizing the PECO ratepayers' funds for economic development projects that have a job impact in PECO's service territory; and (4) focusing its loans and grants on projects that have questionable economic benefit.

5

In response to the PUC's Complaint, Respondents filed six amended preliminary objections.[4] First, Respondents aver that the PUC's breach of fiduciary duty claim is barred by the "gist of the action" doctrine. Second, Respondents aver that the PUC has failed to state a claim for breach of contract because the PUC's Complaint demonstrates that the Fund did not breach the 2010 Settlement Agreement. Third, Respondents aver that, even if the PUC's claim for breach of fiduciary duty is not barred by the "gist of the action" doctrine, such claim is legally insufficient because it is dependent upon and intertwined with the PUC's breach of contract claim, and, therefore, if the Fund did not breach the 2010 Settlement Agreement, the Fund's Officers/Directors could not have breached their fiduciary duties. Fourth, Respondents aver that the PUC's claim for breach of contract is barred by the statute of limitations. Fifth, Respondents aver that the PUC's claim for breach of fiduciary duty is barred by the statute of limitations. Sixth, Respondents aver that the PUC lacks standing to bring its breach of fiduciary duty claim.

In response to Respondents' preliminary objections relative to the statute of limitations, the PUC filed a preliminary objection, arguing that this Court should strike such preliminary objections because they impermissibly raise the statute of limitations as an affirmative defense.

---

[4] Respondents filed their amended preliminary objections to reflect that all Respondents, and not just the Fund, objected to the PUC's Complaint and to correct the use of the word "Commission" instead of "Court"; Respondents did not make any substantive changes to the text of their preliminary objections. (*See* Respondents' Am. Preliminary Objection's at 1 n.1.) As such, all references in this opinion to "preliminary objection(s)" or "amended preliminary objection(s)" shall mean Respondents' amended preliminary objections.

## III.  DISCUSSION

### A.  Count I – Breach of Fiduciary Duty
### Demurrer – Gist of the Action

While we would typically address the issue of standing first, for the purpose of efficiency and because we dispose of the PUC's breach of fiduciary duty claim on these grounds, we will first address Respondents' preliminary objection that the PUC's breach of fiduciary duty claim is barred by the "gist of the action" doctrine.  More specifically, Respondents argue that although Count I of the PUC's Complaint is labeled as a claim for breach of fiduciary duty, the substance of the PUC's claim sounds in contract and alleges nonfeasance, because the factual averments are focused on the Fund's failure to comply with the terms and conditions of the 2010 Settlement Agreement.  In response, the PUC argues that its breach of fiduciary duty claim is not barred by the "gist of the action" doctrine because such claim is based upon the Fund's failure to fulfill its duties under the Nonprofit Corporation Law of 1988[5] and the Uniform Trust Act,[6] which are facts independent of the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement.  The PUC further argues that it has distinguished its breach of fiduciary duty claim from the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement by focusing such claim on the Fund's duty to use the PECO ratepayers' funds for their intended purpose as required by the Fund's bylaws and a trust that was created by the 1998 PECO Restructuring Settlement Order to oversee the PECO ratepayers' funds.

The "gist of the action" doctrine "precludes a party from raising tort claims where the essence of the claim actually lies in a contract that governs the

---

[5] 15 Pa. C.S. §§ 5101-6162.

7

parties' relationship." *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 718 (Pa. Super. 2005).[7] The doctrine is "designed to maintain the conceptual distinction between breach of contract claims and tort claims." *eToll, Inc. v. Elias/Savion Advert., Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002). Whereas actions in tort "lie from the breach of duties imposed as a matter of social policy," actions in contract "lie for the breach of duties imposed by mutual consensus." *Id.* (quoting *Redevelopment Auth. of Cambria Cty. v. Int'l Ins. Co.*, 685 A.2d 581, 590 (Pa. Super. 1996) (en banc), *appeal denied*, 695 A.2d 787 (Pa. 1997)). "In other words, a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts." *Id.* (quoting *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 104 (3rd Cir. 2001), *cert. denied*, 534 U.S. 1162 (2002)).

In determining whether an action sounds in contract or in tort, this Court applies the "misfeasance/nonfeasance" test:[8]

> Under this test, we determine if there exists a cause of action in tort growing out of a breach of contract based on "whether there was an improper performance of a contractual obligation (misfeasance) rather than the mere failure to perform (nonfeasance)."

---

[6] 20 Pa. C.S. §§ 7701-7799.3.

[7] Although not binding on this Court, Pennsylvania Superior Court decisions may be cited for their persuasive value when they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[8] Though our approach differs somewhat from the Pennsylvania Superior Court's four-part analysis, which the Superior Court explained in *Reardon v. Allegheny College*, 926 A.2d 477 (Pa. Super. 2007), *appeal denied*, 947 A.2d 738 (Pa. 2008), both approaches "tend to achieve the same results, as both require the court to analyze how much the claims in the pleadings relate to the contracts involved." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 806 A.2d 936, 944 (Pa. Cmwlth. 2002), *rev'd on other grounds*, 854 A.2d 425 (Pa. 2004).

. . . If there is "misfeasance," there is an improper performance of the contract in the course of which the defendant breaches a duty imposed by law as a matter of social policy. In such instances, the "gist" of the plaintiff's action sounds in tort and the contract itself is collateral to the cause of action. On the other hand, if there is "nonfeasance," the wrong attributed to the defendant is solely a breach of the defendant's duty to perform under the terms of the contract. In such instances, the "gist" of the plaintiff's action sounds in contract, *and the plaintiff would not have a cause of action but for the contract.*

*Yocca*, 806 A.2d at 944 (emphasis added) (internal citation omitted) (quoting *Grode v. Mutual Fire, Marine, and Inland Ins. Co.*, 623 A.2d 933, 935 (Pa. Cmwlth. 1993)).

Applying the misfeasance/nonfeasance test to this case, we must conclude that the PUC's breach of fiduciary duty claim is barred by the "gist of the action" doctrine. The "gist" of the PUC's action sounds in contract, not tort, as the PUC's breach of fiduciary duty claim is based on the same conduct that the PUC alleges is a breach of the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement—*i.e.*, the Fund's failure to adhere to its legal obligations under the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement to maximize the use of the PECO ratepayers' funds for the issuance of loans and grants for economic development projects that have a job impact in PECO's service territory. While the PUC suggests that the Fund's Officers/Directors violated the duties of care and loyalty that they owed to the Fund independent of the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement, the duties in question arise only because of the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement. In other words, the PUC merely alleges nonfeasance and not that the Fund's Officers/Directors violated any duty other than the Fund's duty to perform under the

9

1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement, and, therefore, the PUC would not have a cause of action against the Fund's Officers/Directors but for the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement. For these reasons, we must sustain Respondents' preliminary objection that the PUC's breach of fiduciary duty claim is barred by the "gist of the action" doctrine and dismiss Count I of the PUC's Complaint.[9]

## B. Count II – Breach of Contract
## Demurrer – No Breach of the 2010 Settlement Agreement

Next, we will address Respondents' preliminary objection that the PUC has failed to state a claim for breach of contract because the PUC's Complaint demonstrates that the Fund did not breach the 2010 Settlement Agreement. More specifically, Respondents argue that the PUC previously acknowledged that the Fund's performance complies with the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement because: (1) the PUC admitted in the 2010 Settlement Agreement that the Fund had complied with the 1998 PECO Restructuring Settlement Order and that its financial activity—*i.e.*, loans receivable to net assets—was acceptable; and (2) the PUC never objected to the Fund's level of financial activity in the years following the 2010 Settlement Agreement. Respondents further argue that the Fund fully complied with the financial reporting requirements set forth in the 2010 Settlement Agreement because the 2010 Settlement Agreement provided a termination date of December 31, 2012, for all financial reporting requirements. Respondents contend that, even though the

---

[9] Because we dispose of the PUC's breach of fiduciary duty claim on these grounds, we need not address the remainder of Respondents' preliminary objections to Count I of the PUC's Complaint, or the PUC's preliminary objection to Respondents' preliminary objection relative to the statute of limitations challenge to Count I of the PUC's Complaint. We, therefore, dismiss such preliminary objections as moot.

PUC argues that the termination date only applied to quarterly reports with supporting statements of accounts and not quarterly documentation of the loans and grants that the Fund awarded, the PUC did not object to the Fund's subsequent failure to submit loan and grant information.

In response, the PUC argues that its breach of contract claim is based on not only the Fund's failure to provide quarterly documentation of the loans and grants that the Fund awarded, but also the Fund's failure to maximize its use of the PECO ratepayers' funds as required by the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement. The PUC argues further that, contrary to Respondents' allegations, it did not unconditionally admit that the Fund's use of the PECO ratepayers' funds was in compliance with the 1998 PECO Restructuring Settlement Order; rather, the PUC offered its acknowledgement as consideration for the 2010 Settlement Agreement in an effort to avoid litigation at that time.

The PUC has set forth sufficient facts in the Complaint to support its claim that the Fund breached the 1998 PECO Restructuring Settlement Order and/or the 2010 Settlement Agreement, which, if proven, could result in a ruling from this Court in favor of the PUC and against the Fund. In support of their argument that the PUC acknowledged that the Fund's performance complies with the 1998 PECO Restructuring Settlement Order and the 2010 Settlement Agreement and that the PUC did not object to the Fund's failure to provide loan and grant information after December 31, 2012, Respondents ask this Court to consider at least some facts that do not appear within the PUC's Complaint. In addition, the parties raise a legal question regarding whether the 2010 Settlement Agreement required the Fund to provide the PUC with quarterly documentation of the loans and grants that the Fund awarded beyond December 31, 2012. As a result, we cannot say at this preliminary

stage of the proceedings that the PUC has failed to state a claim for breach of contract against the Fund, and, therefore, we must overrule Respondents' preliminary objection.

### C. Count II – Breach of Contract
### Statute of Limitations

Lastly, we will address Respondents' preliminary objection that the PUC's claim for breach of contract is barred by the statute of limitations and the PUC's preliminary objection that Respondents' preliminary objection impermissibly raises the statute of limitations as a defense to the PUC's breach of contract claim. In their amended preliminary objections, Respondents set forth a detailed explanation of why they believe that the PUC's breach of contract claim is untimely and, therefore, barred by the statute of limitations. In their supporting brief, however, Respondents concede that, under existing case law, their statute of limitations challenge is premature. Respondents nevertheless suggest that, because their argument "is based solely on the Complaint and exhibits thereto, . . . it would serve the interests of judicial economy to have an early resolution of this potentially dispositive question." (Respondents' Br. at 22.) In response, the PUC argues that, in light of the fact that Respondents have conceded that their preliminary objection is not viable under existing case law, there is no reason for the Court to expend its resources on this issue. The PUC further argues that Respondents' preliminary objection impermissibly raises the statute of limitations as an affirmative defense to the PUC's breach of contract claim, because all affirmative defenses, including the statute of limitations, can only be raised by answer with new matter.

Pursuant to Pennsylvania Rule of Civil Procedure No. 1030(a), all affirmative defenses, including the statute of limitations, must be pled in a responsive pleading as "new matter" and should not be raised during the preliminary

12

objections stage of the proceedings. The statute of limitations may, however, be raised as a preliminary objection and considered by the court only if "the defense is clear on the face of the pleadings and the responding party does not file preliminary objections to the preliminary objections." *Petsinger v. Dep't of Labor & Indus., Office of Vocational Rehab.*, 988 A.2d 748, 758 (Pa. Cmwlth. 2010). Here, the PUC filed a preliminary objection to Respondents' preliminary objection that the PUC's claim for breach of contract is barred by the statute of limitations. Thus, we may not consider the statute of limitations defense at this time. As a result, we must sustain the PUC's preliminary objection to Respondents' preliminary objection and strike Respondents' preliminary objection that the PUC's breach of contract claim is barred by the statute of limitations.

## IV. CONCLUSION

For the reasons set forth above, we overrule, in part, sustain, in part, strike, in part, and dismiss as moot, in part, Respondents' amended preliminary objections, and sustain, in part, and, dismiss as moot, in part, the PUC's preliminary objection to Respondents' amended preliminary objections, dismiss Count I of the PUC's Complaint, and direct Respondents to file an answer to Count II of the PUC's Complaint.

P. KEVIN BROBSON, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Public Utility : 
Commission, : 
                        Petitioner : 
                                      : 
               v. :    No. 491 M.D. 2018
                                        : 
Delaware Valley Regional Economic : 
Development Fund, John Coffman, : 
Lauri A. Kavulich, Thomas Jay Ellis, : 
Gaetano Piccirilli, Albert Mezzaroba, : 
Anthony DiSandro, Roseanne Pauciello, : 
Jonathan Ireland, William Martin, : 
Thomas Muldoon (in their official : 
capacity), : 
                   Respondents : 

# O R D E R

AND NOW, this 27th day of June, 2019, the amended preliminary objections of Respondents Delaware Valley Regional Economic Development Fund (Fund), John Coffman, Lauri A. Kavulich, Thomas Jay Ellis, Gaetano Piccirilli, Albert Mezzaroba, Anthony DiSandro, Roseanne Pauciello, Jonathan Ireland, William Martin, and Thomas Muldoon (Fund's Officers/Directors) (collectively, Respondents) to the complaint filed by Petitioner Pennsylvania Public Utility Commission (PUC) in this original jurisdiction matter (Complaint) are hereby OVERRULED, in part, SUSTAINED, in part, STRICKEN, in part, and DISMISSED AS MOOT, in part, as follows:

1.     Respondents' preliminary objection to the PUC's breach of fiduciary duty claim (Count I) under the "gist of the action" doctrine is SUSTAINED;

2. Respondents' preliminary objection to the PUC's breach of contract claim (Count II) on the basis that the PUC failed to state a claim that the Fund breached the agreements at issue is OVERRULED;

3. Respondents' preliminary objection to the PUC's breach of fiduciary duty claim (Count I) on the basis that the PUC failed to state a claim that the Fund's Officers/Directors breached their fiduciary duties is DISMISSED AS MOOT;

4. Respondents' preliminary objection to the PUC's breach of contract claim (Count II) on the basis that such claim is barred by the statute of limitations is STRICKEN;

5. Respondents' preliminary objection to the PUC's breach of fiduciary duty claim (Count I) on the basis that such claim is barred by the statute of limitations is DISMISSED AS MOOT; and

6. Respondents' preliminary objection to the PUC's breach of fiduciary duty claim (Count I) on the basis that the PUC lacks standing is DISMISSED AS MOOT.

The PUC's preliminary objection to Respondents' amended preliminary objections is hereby SUSTAINED with respect to the PUC's breach of contract claim and DISMISSED AS MOOT with respect to the PUC's breach of fiduciary duty claim. Count I of the PUC's Complaint is hereby DISMISSED, and Respondents are directed to file an answer to Count II of the PUC's Complaint within thirty (30) days of the date of this Order.

_____
P. KEVIN BROBSON, Judge